# Moody *v.* The State.

## Indictment for Libel.

1. *Constituents of libel; averment of tendency to provoke a breach of the peace.*—An indictment for libel must aver that it had a tendency to provoke a breach of the peace (Code, § 3771), and without such averment it will not support a judgment of conviction, although not objected to in the court below.

FROM the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.

The indictment in this case charged that the defendant, who published a newspaper in the city of Mobile, "unlawfully,

falsely and maliciously, published of and concerning John Graham the following false, defamatory and libellous matter in writing, with the intent to defame the said John Graham, to-wit;" setting it out, and adding, "against the peace," &c. There was no demurrer to the indictment, and the cause was tried on issue joined on the plea of not guilty, resulting in a verdict of guilty and a fine of $100. On the trial, several exceptions were reserved by .the defendant to the rulings of the court on evidence, and in the matter of charges given and refused; but these rulings require no notice.

No counsel appeared in this court for the appellant.

WM. L. MARTIN, Attorney-General, for the State, argued the questions presented by the bill of exceptions.

WALKER, J.—Mr. Wharton, in discussing the offense of libel under the common law, says: "Whatever, if made the subject of civil action, would be considered libellous without laying special damage, is indictable in a criminal court." 2 Wharton's Criminal Law, (9th Ed.) 1598. Another standard text-writer on criminal law thus defines the offense of libel: "It is any representation in writing, or by pictures, effigies, or the like, calculated to create disturbances of the peace, to corrupt the public morals, or to lead to any act which, when done, is indictable."—2 Bishop on Criminal Law, (7th Ed.) § 907. Again, it is stated in a recent commentary on the subject, that "any publication which has a tendency to disturb the public peace or good order of society is a libel by the common law, and is indictable as such "—Newell on Defamation, Libel and Slander, 937. In a civil action for damages, this court has given the following definition of libel: "Generally, any false and malicious publication, when expressed in writing or printing, or by signs . or pictures, is a libel, which charges an offense punishable by indictment, or which tends to bring an individual into public hatred, contempt or ridicule, or charges an act odious and disgraceful in society. This general definition may be said to include whatever tends to injure the character of an individual, or blacken his reputation, or imputes fraud, dishonesty, or other moral turpitude, or reflects shame, or tends to put him without the pale of social intercourse."—*Iron Age Publishing Co. v Crudup*, 85 Ala. 519. The above definitions are to be looked to in determining whether a publication is libellous; for, while our Criminal Code provides for the punishment of libel, yet it does not define the offense further than to state the fact

or circumstance which renders the libel punishable as a crime. It is clear, however, that the comprehensive definitions of criminal libel under the common law include offenses which are not punishable under our statute. The statute on the subject provides, that "any person who publishes a libel of another which may tend to provoke a breach of the peace, must be punished, on conviction," &c.—Code of Ala., § 3771. This is a general provision prescribing the kind of libel which is to be punished criminally. A publication which is a libel, within the definitions above quoted, is not within the terms of the statute, unless it "may tend to provoke a breach of the peace." That the publication has such a tendency is the fact which renders the libel punishable under the statute. The offense which the statute denounces is not shown, unless it is made to appear that the publication is one which may tend to provoke a breach of the peace. An indictment is insufficient, when it omits to state this material ingredient of the statutory offense.

When the case of *Reid v. State*, 53 Ala. 402, was decided, the statute as it now stands was not in existence. The Revised Code of 1867 was in force at that time. In that Code, as also in the Code of 1876, the section corresponding with section 3771 of the present Code was in the following words : "Any person who publishes a libel of another person, or who sends to another person a threatening or abusive letter, which may tend to provoke a breach of the peace, must be punished on conviction by fine and imprisonment in the county jail, or hard labor for the county; the fine not to exceed in any case five hundred dollars, and the imprisonment or hard labor not to exceed six months."—Revised Code of 1867, § 3553 ; Code of 1876, § 4106. In the case above cited the court evidently construed the words, "which may tend to provoke a breach of the peace," as having reference to the act of sending a threatening or abusive letter. The clause to which the words quoted had reference in the section as it stood in the former Codes, is wholly omitted from section 3771 of the present Code. The language of the section as thus changed makes it perfectly plain, that the provision is only for the punishment of libels which may tend to provoke a breach of the peace. The existence of this pernicious tendency is the fact which renders the libel a public offense and punishable under the statute. . An indictment which merely charges the publication of the libel, without stating the one circumstance which the statute make the test of the criminality of the act, does not show the commission of the particular offense which is denounced by the statute. The indictment in the present

case is without any averment as to the tendency of the publication to provoke a breach of the peace. For the lack of such averment the indictment must be pronounced insufficient. We do not regard the provision of section 3772 as dispensing with the necessity of making such averment. That section merely dispenses with the necessity, in charging the libel, of stating extrinsic matter by way of inducement or *innuendo*. When the law made it a criminal offense merely to publish a libel of another person, it was not necessary to state the tendency of the publication to provoke a breach of the peace. But when, as a result of a change of the statute, the libel is not criminally punishable unless it may tend to provoke a breach of the peace, the existence of such tendency must be charged as a constituent element of the offense.

Reversed and remanded.