# Mills *v.* The State.

### *Selling Liquor Without License.*

(Decided Dec. 20th, 1906.  42 So. Rep. 816.)

1. *Intoxicating Liquors; Carrying on Business; Single Sale.*—To warrant a conviction under Sec. 5087, Code 1896, it is only necessary to show one act of receiving or soliciting an order for spirituous, or other prohibited liquors, and it is not necessary to show that the person engaged in the business of soliciting or receiving such orders.
2. *Same; Evidence; Sufficiency.*—Evidence examined in this case and held to show a violation of Sec. 5087, Code 1896.
3. *Criminal Law; Trial; Instructions; Request for.*—The bill of exceptions recites "the defendant requested the court in writing to give the following charges, which were refused by the court, and the defendant separately and severally excepted to the action of the court in refusing to give each of said charges." Held a request in bulk, and as the affirmative charge was one of the requested charge, and the defendant was not entitled to that, it was proper to refuse all.
4. *Same; Evidence; Sufficiency.*—The state is not required to prove defendant's guilt beyond all doubt, but only beyond a reasonable doubt.
5. *Same; Trial; Instructions; Submission of Issues of Law to the Jury.*—The court instructed the jury that if the defendant,

within the limits of a district in which the sale of spirituous, vinous or malt liquor was prohibited, did receive an order for such liquor to be shipped into such district, then he should be convicted. Such instruction was erroneous because it referred to the jury the question of law as to what constituted the receiving of such an order, within the meaning of the statute.

APPEAL from Lamar Circuit Court.

Heard before Hon. S. H. SPROTT.

Charlie Mills was convicted of soliciting or receiving an order for spirituous, vinous, or malt liquors within the limits of a district in which the sale of such liquors was prohibited, to be shipped or sent into such district, and he appeals.

The indictment was in the following language: "The grand jury of said county charge that before the finding of this indictment Charlie Mills sold spirituous, vinous, or malt liquors without license and contrary to law. (2) That Charlie Mills, within the limits of a district in which the sale of spirituous, vinous, or malt liquors was prohibited by law, did solicit or receive from Fred Vaugh an order for spirituous, vinous, or malt liquors, to be shipped or sent into such district." (3) Same as count 2, except it is charged that the order was received from Dal Eaton.

The evidence for the state tended to show that Dal Eaton went into the barber shop of defendant, where was located the office of the telephone line from Millsport, in Lamar county, to Fayette, Ala., and told defendant to order him four quarts of whisky from Tom Johnson, in Fayette, of a named brand. The defendant told Eaton to deposit $3 in an iron chest in the office, and when he had done so defendant went to the phone and ordered four quarts of the whisky mentioned to be shipped to Eaton at Millsport, Ala. It was shown that the phone line belonged to Tom Johnson. It was admitted that Millsport was a territory wherein the sale of liquors was prohibited. The evidence for the defendant tended to show that Eaton tried to order the whisky himself, but, failing to understand, had defendant to do the talking for him. It was further shown that defendant

[Mills v. The State.]

was the agent of the telephone owners, and that his business was to answer calls, go after persons wanted, and attend to the telephone business generally.

The bill of exceptions states that "the defendant requested in writing the following charges, which were refused by the court, and the defendant separately and severally excepted to the action of the court in refusing to give each of said charges." Then follows the affirmative charge and several other charges. The court gave at the request of the state these written charges: "(1) The court charges the jury that the state is not required to prove the defendant's guilt beyond all doubt, but only beyond a reasonable doubt. (2) The court charges the jury that if they believe beyond a reasonable doubt that the defendant, Charlie Mills, within the limits of a district in which the sale of spirituous, vinous, or malt liquors was prohibited by law, did receive from Dal Eaton an order for spirituous, vinous, or malt liquors, to be shipped or sent into such district, and that this occurred in Lamar county, Ala., within 12 months before the finding of this indictment, then the jury are authorized to find the defendant guilty under the third count of the indictment."

NESMITH & STONE, for appellant.—Under the facts in this case the orders received by Johnson were either accepted or refused at Fayette, the place where sale of liquor is authorized by law.—Levy v. The State, 132 Ala. 91; Pilgreen's Case, 71 Ala. 368; Newman v. The State, 88 Ala. 115. The court erred in refusing charges 1 and 3 as the evidence showed no violation of law. The court should have given charges 2 and 5.—DuBose v. The State, 87 Ala. 101; Campbell v. The State, 79 Ala. 271; Terrell v. The State, 138 Ala. 3. The court should have granted a new trial in this cause.—Yeldell v. The State, 100 Ala. 26; Pagler v. The State, 110 Ala. 11.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

DENSON, J.—The indictment contains three counts, the second and third of which are in Code form (form,

84), for a violation of section 5087 of the Code of 1896, which provides that "any person, who, within the limits of any district in which the sale of spirituous, vinous, or malt liquors are prohibited by law, solicits or receives any order for spirituous, vinous or malt liquors in any quantity to be shipped or sent into such district, must, on conviction, be fined not less than twenty, nor more than one hundred dollars." It is evident that the third is the only count on which conviction was insisted upon.

It is not necessary, to warrant a conviction under the statute, that it be shown that the defendant is engaged in the business of soliciting or receiving orders for liquor. The statute is a police regulation, and one act will constitute a violation of it.

We have no hesitancy in holding that if the evidence of the state's witness was worthy of belief, and if the jury believed it beyond a reasonable doubt (and manifestly they did), it was sufficient to base a verdict of guilt upon. Therefore the defendant was not entitled to the affirmative charge (No. 3), which was requested by him and refused by the court; and, not being entitled to this charge, the court cannot be put in error in respect to any of the five charges refused to the defendant, even if it should be conceded any of them are good, as the bill of exceptions shows they were requested in bulk.—*Verberg's Case*, 137 Ala. 73, 34 South. 848, 97 Am. St. Rep. 17.

The first charge given at the request of the state has been many times approved by this court.

It is urged in the brief of counsel for the appellant that charge 2 given for the state referred a question of law to the jury. It is apparent that the contestation was whether the defendant received an order; and it is further apparent that it was for the court to determine what, within the meaning of the law, would constitute the receiving of an order by the defendant, and the effect of charge 2 given for the state was to refer this legal question to the jury. We are constrained to sustain the insistence of the appellant and hold that the giving of charge 2 is reversible error.—*Jones' Case*, 79 Ala.

[Guarreno v. The State.]

23; *Riley v. Riley*, 36 Ala. 496; *Wright v. Bolling*, 27 Ala. 259; *Chambers v. Morris*, 42 South. 549; 2 May-field's Dig. (28) p. 577.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.

