# Dungan *v.* The State.

*Criminal Libel.*

(Decided Dec. 21st, 1911.   57 South. 117.)

1. *Libel and Slander; Criminal; Affidavit.*—Construing together sections 7340 and 3747, Code 1907, it is held that an affidavit alleging that the defendant falsely and maliciously spoke of and concerning W. in the presence of others (named) charging that W. had committed perjury, in substance as follows, to-wit; that the oath of said W. had been impeached, and was worth nothing in the courts of the county, was sufficient, and sufficiently informed accused of the offense charged.

2. *Charge of Court; Submitting Questions of Law to Jury.*—In a prosecution for perjury, a charge asserting that unless the jury believed that the words imputed to accused charged such other with the commission of perjury, they must acquit, was properly refused as submitting a question of law to the jury.

3. *Same; Reasonable Doubt.*—A charge requiring an acquittal unless the jury "believes" a material fact, is properly refused, as it essential only that the evidence dispells a reasonable doubt.

4. *Libel and Slanders; Criminal; Definition.*—Slander or defamation is anything that tends to blacken or injure one's character or reputation.

APPEAL from Clarke County Court.

Heard before Hon. THOMAS W. DAVIS.

John D. Dungan was convicted of defamation, and he appeals. Affirmed.

The affidavit was as follows, omitting the formal charging part: "Personally appeared T. W. Walker, who, first being duly sworn, deposeth and says that he

has probable cause for believing, and does believe, that within 12 months before the commencement of this prosecution, in said county, John D. Dungan did falsely and maliciously speak of and concerning T. W. Walker, in the presence of J. D. Bedwell and W. E. Estis, charging him with having committed perjury, in substance as follows, to wit: That the oath of said T. W. Walker had been impeached, and was worth nothing in the courts of Clarke county," etc. The bill of exceptions shows that the demurrer to this application was stricken on motion of the solicitor, for the reason that same was not filed at the first term of the court, at which the case was tried. The evidence tended to support the charge made in the affidavit. The evidence for the defendant tended to show that he asked the question if the witness knew if Walker's oath had ever been impeached, but did not state it as a fact that it had been. In its oral charge the court defined slander or defamation as anything which tends to blacken or injure a man's character or reputation. Charge B is as follows: "I charge you, gentlemen of the jury, that unless you believe that the words imputed to the defendant charged the said T. W. Walker with the commission of perjury, you must find the defendant not guilty."

TRAVIS J. BEDSOLE, for appellant. The court erred in overruling motion to quash the affidavit, and in striking the demurrers. The affidavit charged no offense.—*McGee v. State,* 115 Ala. 135; *Miles v. State,* 94 Ala. 106. The court also erred in refusing charge B.—44 So. 381.

R. C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. The

affidavit was sufficient.—Sections 3747 and 7340, Code 1907; *Spruil v. Cooper,* 16 Ala. 791; *Haley v. The State,* 63 Ala. 89. Charge B. referred a question of law to the jury.—*Carr v. The State,* 104 Ala. 417. It was also faulty in the use of the word "believe."—*Harris v. The State,* 100 Ala. 129; *Jackson v. The State,* 106 Ala. 12; *Carr v. The State, supra.* The court's oral charge was correct.—*Wofford v. Meeks,* 129 Ala. 349; *Ivey v. P. S. L. C.o,* 113 Ala. 349; *Moody v. The State,* 94 Ala. 43.

PELHAM, J.—Even had it been the duty of the court to pass upon the demurrers that were stricken, the defendant's rights were not impaired, as the demurrers were not well taken and must have been overruled.

The statement of facts set forth in the affidavit are sufficient to apprise the defendant, and from which to determine certainly the offense charged. The affidavit charges the defendant with having spoken falsely and maliciously of affiant imputing to him the commission of the offense of perjury, a felony involving moral turpitude.—Code 1907, § 7340; *Haley v. State,* 63 Ala. 89. The statement in the affidavit "that the oath of said T. W. Walker had been impeached and was worth nothing in the courts of Clarke county" is an assertion imputing false swearing, and presumptively imports the commission of the offense of perjury.—Code, § 3747. The evidence was sufficient to authorize a conviction, and there was no error in overruling the defendant's motion to exclude the evidence and direct a verdict.

Charge B referred to the jury a question of law, and was properly refused.—*Tidwell v. State,* 70 Ala. 33; *Dotson v. State,* 88 Ala. 208, 7 South. 259; *Carr v. State,* 104 Ala. 4, 16 South. 150; *Whatley v. State,* 144

Ala. 68, 39 South. 1014; *Land Co. v. Edmondson*, 145 Ala. 557, 40 South. 505.

The charge is also faulty in not limiting the belief in the evidence to a belief "beyond a reasonable doubt." The state is not required to prove defendant's guilt beyond all doubt, but only beyond a reasonable doubt.— *Mills v. State*, 148 Ala. 633, 42 South. 816.

The definition given by the court in its oral charge of slander or defamation is correct.—*I. A. Pub. Co. v. Crudup*, 85 Ala. 519, 5 South. 332; *Moody v. State*, 94 Ala. 42, 10 South. 670; *Ivy v. P. S. & L. Co.*, 113 Ala. 349, 21 South. 531; *Wofford v. Meeks*, 129 Ala. 349, 30 South. 625, 55 L. R. A. 214, 87 Am. St. Rep. 66.

No error prejudicial to defendant is shown by the record, and the case will be affirmed.

Affirmed.