# Powell v. The State.

## Murder.

(Decided June 13, 1912. Rehearing denied July 11, 1912.
59 South. 530.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where the evidence was competent only to show a fact which was admitted, its exclusion was harmless.

2. *Same.*—Where another witness had testified to the same fact without objection or contradiction, it was harmless error to exclude similar evidence by another witness.

3. *Same.*—Where the case was treated throughout on the theory that defendant was an officer authorized to make arrest, and that deceased was a trespasser riding on the train without authority, the exclusion of the conductor's evidence that he did not know of or consent to the defendant's being on the train, was harmless.

4. *Trial; Exclusion of Evidence; Objection.*—Where a question is not objected to, the answer elicited may not be excluded on motion.

5. *Criminal Law; Venue; Sufficiency of Evidence.*—The evidence in this case held sufficient to show that the crime was committed within the jurisdiction of the court trying the case.

6. *Same.*—Venue may be proven by circumstances as any other facts.

7. *Same; Question Not Raised.*—Where there was some evidence tending to prove the venue and no ruling of the court was invoked on its sufficiency for that purpose, an appellate court will not interfere with the determination of the jury thereon.

8. *Same.*—While the general charge raises the question of proof of venue, when there is no proof of venue, it does not raise the question of the sufficiency thereof, when there are facts and circumstances in evidence from which the jury might infer proof of venue.

9. *Evidence; Relevancy.*—Where evidence has no tendency to prove or disprove any issue involved, it is not relevant.

10. *Same; Judicial Notice.*—The courts take judicial notice of the place of holding courts for a certain judicial division of the county.

11. *Same; Conversation.*—Where the purpose is to connect and render intelligible the voluntary statements of a defendant, the witness may be asked as to other statements of both he and the defendant in the conversation.

12. *Same; Statements in Presence of Defendant.*—If involving such an accusation as calls for a denial, a statement of a witness in the presence of defendant is admissible; such as "you said he had a revolver drawn on you, how did you shoot him in the back?"

13. *Charge of Court; Singling Out Evidence.*—A charge is objectionable as singling out and giving undue prominence to part of the evidence, and as assuming facts as true, which assert that the jury may consider the defendant's acts immediately following the arrival of the train at R., as tending to shed light on his guilt.

14. *Same; Reasonable Doubt.*—A charge asserting that if the defendant's acts immediately after the arrival of the train at R., are consistent with his innocence, they may, in connection with the other evidence, generate a reasonable doubt of h s guilt, is properly refused as misleading in its tendencies.

15. *Homicide; Instructions; Self Defense.*—A charge asserting that if any juror had a reasonable doubt whether the defendant acted in self defense, the jury cannot find him guilty is improper because failing to set out the constituent elements of self defense, and hence, submits a question of law to the jury.

16. *Same.*—A charge asserting that if it reasonably appears to the defendant that he was in danger at the hands of the deceased when he fired. he was justified in acting on such reasonable appearances, pretermitted an honest belief of the defendant that the deceased was about to attack him when he fired.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Will W. Powell was convicted of manslaughter, and appeals. Affirmed.

The following charges were refused to defendant:

(1) "If any juror has a reasonable doubt whether the defendant acted in self-defense, you cannot find the defendant guilty."

(2) "The court charges the jury that, if it reasonably appeared to the defendant at the time he fired the fatal shot that he was in danger of great bodily harm at the hands of the deceased, the defendant was justified in acting upon such reasonable appearances, although such danger may not have been real."

(3) "The court charges the jury that, if it reasonably appeared to Powell that Le Grand was about to fire upon him with a pistol at the time of the fatal shot, and that he was in danger of great bodily harm therefrom, then Powell might act upon such reasonable appearance and anticipate the firing of the deceased, although

it may subsequntly appear that the deceased did not fire, and may not have intended to do so."

(4) "The court charges the jury that they may consider the acts of the defendant immediately following the arrival of the train at Riverside as tending to shed light upon the defendant's guilt; and, if such actions are consistent with the defendant's innocence, they may, in connection with the other evidence, generate a reasonable doubt of defendant's guilt."

KNOX, ACKER, DIXON & STERNE, for appellant. The court erred in permitting details of the conversation between the witness Brown and the defendant, to the prejudice of the defendant. The court also erred in refusing to permit the conductor to testify that the deceased was not on the train with his knowledge or consent.—Sections 6273 and 7682, Code 1907; *Storey v. The State,* 75 Ala. 329. The court should have given charge 1 requested by the defendant.—*Smith v. The State,* 68 Ala. 424. Charges 2 and 3 should have been given.—*Kennedy v. The State,* 140 Ala. 1; *Fantroy v. The State,* 166 Ala. 27; *Trammel v. The State,* 1 Ala. App. 688. The 5th charge was the general affirmative charge, and raised the question of the sufficiency of the proof of venue. The court judicially knows that St. Clair county is divided into two judicial divisions, but in different jurisdictions, and the evidence failed to disclose that the crime was committed within the division where the indictment was found and the case tried.—*Waters v. The State,* 117 Ala. 189. On application for rehearing the appellant insists that the court was in error in its decision as to the admission of testimony, but cite no additional authority. They further insist that in a supplemental brief which failed to reach the court, they insisted that the order for the special venire was not

properly made, and that it does not appear that any special venire was drawn for the trial of the defendant at the term of the court when the case was tried.—*Burton v. The State,* 115 Ala. 1, and cases cited; *Bankhead v. The State,* 124 Ala. 14; *Killebrew v. The State,* 132 Ala. 8; *Allen v. The State,* 145 Ala. 11.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The motion to quash the venire was not based on any statutory ground.—*Savage v. The State,* 57 South. 469; *Wright v. The State,* 58 South. 68. The mistake in the name of the juror was not sufficient cause.—Authorities supra. Where a question is not objectionable, the answer may not be excluded.—*Allison v. The State,* 1 Ala. App. 206; *Hudson v. The State,* 137 Ala. 60. The evidence of the. conversation was admissible as having a tendency to connect and render certain defendants voluntary admission.—*McKinney v. The State,* 134 Ala. 134; *Newell v. The State,* 115 Ala. 54; *Spicer v. The State,* 69 Ala. 159. Charge 1 referred to the jury a question of law.—*McGhee v. The State,* in MSS. Charges 2 and 3 were properly refused.—*Cheney v. The State,* 55 South. 801.

PELHAM, J.—The defendant·was convicted of manslaughter. It was shown by the evidence, without conflict, that the defendant and deceased were on the top of adjoining box cars of a freight train on the Southern Railway, while going between Pell City and Riverside, when the defendant shot and killed the deceased. The killing was in the nighttime, and the defendant was a special officer of the railroad company and on duty riding on the train for the purpose of guarding it from intruders and wrongdoers. ·The deceased was not a member of the train crew, and not shown to have been

rightfully on the train. The defendant contends, and the tendency of the evidence introduced in his behalf is to the effect that, having discovered the deceased on top of the car, he called to deceased, notifying him of the fact that he (defendant) was an officer, and demanding his surrender; that the deceased refused to surrender and resisted arrest. The defendant testified that by the light flashed from the fire box on the engine, when the door was opened, he saw something bright, like a pistol, in the hand of the deceased, who was at the time about 20 or 30 feet away on top of the next box car in the train to the one on which the defendant was standing. The defendant further testified that the deceased appeared to be "on his all fours" near the edge of the box car; that the deceased "brought the pistol down pointing toward me (him)," and that he (defendant) called to him (deceased) to put his hands up; that the light from the open fire box was shut off; and that he raised his gun and fired. An examination of the body of deceased disclosed, and it was the uncontradicted evidence, that deceased was shot in the back just to the left of his spinal cord, between the tenth and eleventh ribs, and that the wound ranged upwards. A more extended summary of the evidence is not necessary to an understanding of the rulings and opinion.

The bill of exceptions, after setting out certain evidence, in narrative form, of the state's witness R. C. Brown, contains the statement that the defendant objected to certain parts of the statement of the witness, and moved to exclude the statement. The defendant cannot be allowed to experiment by waiting until the witness has given a responsive answer to a question, not objected to, and then move to exclude the answer, if not satisfactory or unfavorable to him. In the absence of an objection to a question, it is not error to overrule

the defendant's motion to exclude the answer.—*W. U. Telegraph Co. v. Bowman,* 141 Ala. 175, 37 South. 493; *Dowling v. State,* 151 Ala. 131, 44 South. 403; *B. R. L. & P. Co. v. Taylor,* 152 Ala. 105, 44 South. 580. Objections must be made to questions before answers are given.—*Lewis v. State,* 121 Ala. 1, 25 South. 1017; *L. & N. R. R. Co. v. Bogue* (Sup.) 58 South. 392.

The court properly allowed the witness Brown to state, "the balance that was said there," having reference to a conversation between the defendant and the witness at Riverside not long after the killing in which the defendant made certain statements that were shown to be voluntary. What was said by both parties was relevant and admissible for the purpose of connecting the statements made by the defendant and rendering them intelligible. It is also permissible to permit a witness to state what he said in the presence of the accused, if the statement involves such an accusation as calls for a denial.—*Kirby v. State,* 89 Ala. 63, 71, 8 South. 110; *Raymond v. State,* 154 Ala. 1, 45 South. 895. The statement of the witness, addressed to the defendant: "You said he had a revolver drawn on you; how did you shoot him in the back?"—was certainly such an accusation as called for a denial.

There could be no prejudicial error in refusing to allow the defendant to show by his witness Morrison that the defendant's employer, the Southern Railway Company, shortly before the homicide, had been suffering from train robberies. It could only be competent, if at all, for the purpose of showing that the defendant, at the time of the homicide, was on the train in the performance of his duties as a special officer to look after train robbers and other wrong-doers, and this was not disputed. Even if this evidence should be deemed proper and admissible, the ruling would not constitute

reversible error; for the witness Caraway was permitted to testify to this fact, and stated that there had been several train robberies shortly before the night of the killing and that he and the defendant were on the train that night as special officers, for the purpose of preventing the occurrence of such things. This evidence was uncontradicted, and the exclusion of the same testimony by the witness Morrison, if error, would not be injurious or prejudicial.—Code, 1907, § 6264; *Murphy v. State,* 118 Ala. 137, 23 South. 719; *Crain v. State,* 166 Ala. 1, 52 South. 31; *Phillips v. State,* 162 Ala. 14, 50 South. 194; *Morris v. State* (Sup.) 39 South. 608, 611;

The point is made by counsel for defendant that the court's refusal to allow the defendant to show by the conductor of the train, Cochran, that the deceased was not on the train with the knowledge or consent of Cochran, was injurious to defendant because it precluded the defendant from showing that he had a right to arrest a wrongdoer for the offense committed in his presence although not an officer. But the fact that the defendant was an officer with the right to make arrests was not controverted, and his right to do so was not confined to the authority given under section 6273 of the Code to private persons. It was shown by the evidence that the deceased was not a member of the train crew, and no right or authority for deceased being on the train seems to have been insisted upon, and the case was treated throughout, so far as we can see from the record, on the theory that the defendant was an officer authorized to make arrests and that the deceased was riding on the train without authority—a trespasser. Appellant's counsel in brief treats the case in this light and speaks of the deceased as a trespasser at the time as if this was uncontroverted on the trial.

6 CA

The court cannot be put in error for refusing charge No. 1, requested in writing by the defendant; for it fails to predicate the constituent elements of self-defense, and therefore submits a question of law to the determination of the jury. Charges hypothesizing self-defense in general terms, which omit to set out the constituent elements of self-defense, have been condemned by the Supreme Court many times.—*Roden v. State,* 97 Ala. 54, 12 South. 419; *Miller v. State,* 107 Ala. 40, 19 South. 37; *Gilmore v. State,* 126 Ala. 20, 28 South. 595; *Adams v. State,* 133 Ala. 166, 31 South. 851; *Smith v. State,* 130 Ala. 95, 30 South. 432; *McGhee v. State,* 59 South. 573. The same principle involved, i. e., submitting a question of law to the jury, has been also passed upon by this court.—*Dungan v. State,* 2 Ala. App. 235, 57 South. 117. The case cited by the defendant's counsel (*Smith v. State,* 68 Ala. 424) in support of this charge has been in effect practically overruled several times, and expressly so in *Greer v. State,* 156 Ala. 15, 19, 47 South. 300.

Charges Nos. 2 and 3 are faulty, in that each pretermits an honest belief on the part of the defendant that the deceased was about to attack him at the time the defendant fired the fatal shot.—*Cheney v. The State,* 172 Ala. 368, 55 South. 801. The cases (*Kenedy v. State,* 140 Ala. 1, 37 South. 90; *Fantroy v. State,* 166 Ala. 27, 51 South. 931; *Trammell v. State,* 1 Ala. App. 83, 55 South. 431) cited by appellant in support of these charges will be found, upon investigation in each instance in the charges passed upon, to approve charges predicating a bona fide belief upon the part of the accused that he was in danger of great bodily harm. Charges 2 and 3 are entirely innocent of predicating such a belief.

Charge No. 4 singles out and gives undue prominence to a part of the evidence. It also invades the province of the jury in assuming as true the acts of the defendant immediately following the arrival of the train at Riverside, when it may be that the jury did not believe the testimony as to these acts.—*Forbes P. & O. Co. v. Reynolds,* 1 Ala. App. 501, 56 South. 270. The charge is also misleading in its tendency in instructing what is sufficient to generate a reasonable doubt of the defendant's guilt.

Defendant's counsel urgently insist that the general charge should have been given, because the venue was not proven. We think the circumstances going to show that the crime was committed within the jurisdiction of the circuit court for the Southern judicial division of St. Clair county, sitting at Pell City, the court into which the indictment was returned, and that tried the case, are sufficient, and from which the jury could infer that the crime was committed in the jurisdiction of the court. Venue, as any other fact, may be proven by circumstances.—*Harrison v. City of Anniston,* 156 Ala. 620, 46 South. 980. The circumstances tending to prove the venue in this case are by no means lacking. The witness A. C. Brown testified that Riverside is in the Southern judicial division of St. Clair county. We judicially know, of course, that Pell City, the place of holding court for that division, is in that jurisdiction. The crime is shown by the defendant and several other witnesses to have been committed on a train on the Southern Railway, while running between Pell City and Riverside—two points shown to be within the jurisdiction of the court. The witness Brown testified that he heard the report of the gun while at Riverside; that it seemed to be about a quarter of a mile off toward Pell City and west from Riverside. It was shown

by the witness Caraway that the shooting occurred on the train en route from Pell City to Riverside, about three miles after leaving Pell City. The evidence also shows that the defendant returnd to Riverside and surrendered to the sheriff of that jurisdiction, which is shown by direct, positive proof to be within the jurisdiction of the court trying the case. The ruling of the trial court was not invoked on the question of the sufficiency of the evidence tending to prove the venue; and that question, on the proof in this case, became a matter for the jury to pass upon, and this court will not interfere when that question was not raised in the court below.—*Pearson v. State, infra,* 59 South. 526; *Hubbard v. State,* 72 Ala. 164; *Clarke v. State,* 78 Ala. 477, 56 Am. Rep. 45; *Ragsdale v. State,* 134 Ala. 24, 32 South. 674.

We have discussed all the questions presented by the defendant's counsel in the extensive brief and written argument filed; and an examination of the record on other matters presented does not disclose reversible error.

Affirmed.

## On Application for Rehearing.

Appellant's counsel, in referring to the state statutes authorizing officers to make arrests, does not include the statute, approved February 28, 1911 (Acts 1911, p. 36), relating to special railway policemen or detectives. The undisputed proof showed that the defendant was a special officer, a detective, of the railway company on the cars of which the killing occurred. The entire conduct of the trial shows that the right of the defendant, as an officer, to arrest the deceased as one on the train without right or authority was not questioned. While the court sustained an objection to the defend-

ant's question to the conductor as to whether deceased was on the train with the knowledge or consent of the conductor, no injury could have resulted to the defendant in this, when there was no dispute or issue in the case but that the deceased was not rightfully on the train. The conductor testified that the deceased was not one of the train crew, and that he did not even know the deceased. The state proved by the declarations of the defendant, and the defendant testified in his own behalf, that he was an officer attempting to arrest one whom he took to be a train robber at the time of the killing; and the right of the defendant to arrest, and the fact that the deceased had no right upon the train, were not only not issues in the trial of the case, but are shown by the whole course and conduct of the trial, as well as being so treated in the original brief filed, to have been considered as undisputed facts. The trial court is not to be put in error for refusing to admit testimony that has no tendency to prove or disprove the issues involved in the trial of the case. The test of the relevancy of evidence is its logical tendency to prove or disprove the facts at issue.—*A. G. S. R. R. Co. v. Guest,* 144 Ala. 373, 39 South. 654. We are satisfied, from an examination of the record, that no injury resulted to the defendant because of the refusal of the court to allow the conductor to answer the question as to whether or not the deceased was on the train with his knowledge or consent.—Code, § 6264.

While the question of the proof of venue is raised by a request for the general charge when there is no proof of the venue, the *sufficiency* of the proof tending to prove the venue, when facts and circumstances were testified to from which the jury might infer proof of venue, is not properly raised by a request for the general

charge. The distinction in this respect between the sufficiency of the proof and the entire absence of proof is clearly made to appear by the cases cited in the original opinion.

The fourth ground assigned as ground for granting appellant's application for a rehearing, "for that the record does not show a special venire was drawn, as required by law, for the trial of the defendant in this cause," is not well taken. Counsel are mistaken in their contention, made in brief filed on this application, that an examination of the record does not show an order for a special venire to try the case at the term at which it was tried, and that the venire was not drawn as provided by the order. The judgment entry set out on page 47 of the transcript shows that the case was set for trial Tuesday, November 28, 1911, and the following order for a special venire made by the court: "It is further ordered that the sheriff now bring into open court the box containing the names of the qualified jurors of the southern division of this county, and the judge of this court now publicly draw from said box the names of 35 persons to serve as special jurors for the trial of this case, same being a capital felony, which is now accordingly done. It is further ordered that the clerk of this court issue his venire facias to the sheriff of this county, commanding him to summons those persons whose names are so drawn to appear in this court on said 28th day of November, 1911, to serve as such special jurors in the trial of this case. The sheriff, upon receipt of said venire facias, shall forthwith execute and return same. And those jurors drawn and summoned to serve in this court during the second week of this court, together with those drawn and summoned to serve as such special jurors, shall constitute the venire from which to select a jury to try this case." The record

shows the defendant to have been tried at the November term, 1911, of the court, and the judgment of conviction entered on the 30th day of Novmber, 1911. The order for the special venire was sufficient, under the holding of the Supreme Court in *Costello's Case* (Sup.) 58 South. 202.

The application for a rehearing is overruled.

Application overruled.