### NIX v. STATE. (6 Div. 506.)

(Court of Appeals of Alabama. June 10, 1924. On Rehearing, June 24, 1924.)

**1. Intoxicating liquors ⊙⟿238(1) — Evidence held sufficient for jury on question of possession.**

Evidence *held* sufficient to go to jury on question of possession of prohibited liquors.

**2. Criminal law ⊙⟿829(1)—Refusal to give charge covered by charges given not error.**

Refusal to give a requested charge, which was covered by charges given, *held* not error.

**3. Criminal law ⊙⟿782(13)—Charge authorizing acquittal, if facts reconcilable with guilt of another, held properly refused, as misleading, under evidence.**

Requested charge that if the facts, no matter how strong, could be reconciled with guilt of some other person, then accused's guilt was not shown sufficiently, *held* properly refused, as misleading under the evidence; such charge being proper only when the evidence is circumstantial, with tendencies pointing to another as the guilty party, to the exclusion of accused.

**4. Criminal law ⊙⟿778(4)—Charge as to relative weight of presumptions held properly refused as argumentative.**

A requested charge that the presumption of innocence of accused was stronger than the presumption of possession by reason of whisky being found in the pasture, *held* properly refused as argumentative.

. On Rehearing.

**5. Criminal law ⊙⟿1087(1)—Absence of sufficient appeal bond, or transcript, held to require reversal.**

Absence from the record of a sufficient appeal bond, or transcript, of the proceedings in the county court where the prosecution originated, *held* to require a reversal.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Jack Nix was convicted of violating the prohibition law, and appeals. Reversed and remanded on rehearing.

These charges were refused to defendant:

"(8) The humane provision of the law is: That there should not be a conviction upon the evidence, unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof which the law requires."

"(11) The court charges the jury that the presumption of innocence which surrounds the defendant is stronger than the presumption of possession by reason of the whisky being found in an open cow pasture."

Curtis, Pennington & Pou, of Jasper, for appellant.

The defendant was due the general affirmative charge. Wheat v. State, 19 Ala. App. 538, 98 South. 698; Willingham v. State, 11 Ala. App. 205, 65 South. 847; Roberson v. State, 18 Ala. App. 69, 88 South. 355; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Jones v. State, 18 Ala. App. 116, 90 South. 135; Clark v. State, 18 Ala. App. 217, 90 South. 16; Knight v. State, 19 Ala. App. 296, 97 South. 163; Ballentine v. State, 19 Ala. App. 261, 96 South. 732; Moon v. State, 19 Ala. App. 176, 95 South. 830; Hanson v. State, 19 Ala. App. 249, 96 South. 655; Watts v. State, 19 Ala. App. 549, 98 South. 914; Oldacre v. State, 16 Ala. App. 151, 75 South. 827; Fair v. State, 16 Ala. App. 152, 75 South. 828; Spelce v. State, 17 Ala. App. 401, 85 South. 835; Aaronheart v. State, 17 Ala. App. 399, 85 South. 832. Charge 8 should have been given. Gay v. State, 19 Ala. App. 238, 96 South. 646; McKenzie v. State, 19 Ala. App. 319, 97 South. 155. Where the trial is had in the circuit court

on an affidavit and warrant issued out of the county court, but shows no judgment in the county court, the case will be reversed. Upshaw v. State, 19 Ala. App. 227, 96 South. 376; Courson v. State, 18 Ala. App. 538, 93 South. 223; Haynes v. State, 5 Ala. App. 167, 59 South. 325; Jacobs v. State, 17 Ala. App. 396, 85 South. 837; Mims v. State, 17 Ala. App. 276, 84 South. 394; Guin v. State, 17 Ala. App. 293, 84 South. 863; Hall v. State, 19 Ala. App. 178, 95 South. 904; McLosky v. State, 210 Ala. 458, 98 South. 708; Code 1907, § 6725.

Harwell G. Davis, Atty. Gen., for the State.
No brief reached the Reporter.

SAMFORD, J. [1] Prior to the prosecution, and within the statutes of limitation, and in the county of Winston, there was found buried in defendant's pasture, and in 75 yards of his residence, 18 gallons of whisky. The place where the whisky was found was in plain view of defendant's house, near defendant's cow barn, and the place where the whisky was buried was covered with brush. The whisky appeared to have been buried four or five months, and when it was found by the officers the defendant was present. He then and there said to the officers: "What would you take to settle this right here?" He further said: "I've got the money." He then asked the officers for a drink of the whisky, and, on being refused, asked for the jugs.

[2, 3] Charge 8 refused to defendant is covered by given charge 2 and charge unnumbered, which we mark 4½. But this charge as applied to the facts of this case is misleading. For this charge to be proper in any case the evidence must be circumstantial, with tendencies pointing to another as the guilty party to the exclusion of defendant. Ex parte Bud Hill, 211 Ala. 311, 100 South. 315.

[4] Charge 11 is an argument. The true rule sought to be invoked by charge 11 will be found in Oldacre's Case, 16 Ala. App. 151, 75 South. 827; Maisel's Case, 17 Ala. App. 12, 81 South. 348.

The facts, as testified to by the state's witnesses, were sufficient to make this a jury case. We find no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

[5] It is now called to our attention that the record contains no sufficient appeal bond, or transcript of the proceedings in the county court, where this prosecution originated. It follows that the rehearing must be granted. Ford v. State (7 Div. 946; Ala. App.) ante, p. 67, 100 South. 917.

Rehearing granted. The judgment is reversed, and the cause is remanded.