### FORD v. STATE. (7 Div. 946.)

(Court of Appeals of Alabama. June 17, 1924.)

1. **Courts** ⊕⇒91(1)—**Court of Appeals must conform to holding of Supreme Court.**

In view of Gen. Acts 1911, p. 100, § 10, the Court of Appeals must conform to the holding of the Supreme Court.

2. **Criminal law** ⊕⇒1087(1) — **Circuit court held to have acquired no jurisdiction of case originating in county court.**

The circuit court acquired no jurisdiction on appeal from the county court under Code 1907, § 6726, where there was no transcript and no appeal bond, and the appearance bond did not recite the trial, conviction, or appeal.

Appeal from Circuit Court, Clay County; George F. Smoot, Judge.

A. C. Ford was convicted of assault and battery, and appeals. Reversed and remanded.

Walter S. Smith, of Lineville, for appellant.

There was no compliance with section 6726 of the Code of 1907, and the circuit court acquired no jurisdiction. Hall v. State, 19 Ala. App. 178, 95 South. 906; Upshaw v. State, 19 Ala. App. 227, 96 South. 376; Haynes v. State, 5 Ala. App. 167, 59 South. 325; Courson v. State, 18 Ala. App. 538, 93 South. 223; Jacobs v. State, 17 Ala. App. 396, 85 South. 837; Mims v. State, 17 Ala. App. 276, 84 South. .394; Guin v. State, 17 Ala. App. 293, 84 South. 863. Nor was there an appeal bond reciting the fact of conviction in the county court as was the case in Ex parte State (McLosky v. State) 210 Ala. 458, 98 South. 708.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The prosecution 'against this appellant originated in the county court of Clay county, and the affidavit or complaint charged the offense of assault and battery with a stick upon one J. F. Bradford.

[1, 2] The appeal here purports to be from a judgment of conviction in the circuit court but, as insisted by appellant, there·is nothing in this record to show how the circuit court acquired jurisdiction of this case. Section 6726 of the Code of 1907 provides the statutory method and process necessary, on appeal from county court, to transfer a case and to give to the circuit court jurisdiction thereof; and in the case of Hall v. State (Ala. App.) 95 South. 905,[1] this court, following said statute, stated in detail ·what were thought to be, the necessary requirements to this end. And in McLosky v. State, 98 South. 706 (on rehearing),[2] this court followed the Hall Case on this question. But in Ex parte State ex rel. Attorney General, re McLosky v. State, 98 South. 708,[3] the statute in question (section 6726) was in effect emasculated and held to mean nothing, and it was held that the recitals in an appeal bond suffice to give the circuit court jurisdiction, notwithstanding a failure of the county judge to make the statement as required by the statute. The following excerpt of that opinion is not quite clear to the writer:

"We recognize that the circuit court does not acquire jurisdiction by the execution of an appeal bond, for such bond is not a condition precedent to an appeal; but the recitals of the appeal bond suffice to show the trial and conviction of the defendant in the county court, and his appeal from a conviction to·the circuit court, thereby giving to the latter jurisdiction of the cause."

The conclusion, however, is clear, and under the statute (Acts 1911, p. 95, § 10), this court must conform its holding thereto.

However, in the instant case, the record contains no transcript by the county judge, and the clerk certifies that none was made. Nor does the record contain an appeal bond. This results, of course, that no jurisdiction was conferred upon the circuit court from any source. The appearance bond contained in the record has no recitals of any trial or conviction in the county court, and makes no reference to any appeal having been taken in this case.

The cause is reversed and remanded.

Reversed and remanded.

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 19 Ala. App. 178.   [2] 19 Ala. App. 544.   [3] 210 Ala. 458.