DeCARLO, Judge.
Based on an affidavit executed by Claude J. Spicer, Thomas Worrell was charged with willfully or wantonly injuring or destroying the property of another.
On April 9, 1976, Worrell was convicted in the Covington County Alabama Intermediate Court for the destruction of private property and fined two hundred dollars and costs.
On that same day an appeal from the judgment of conviction was taken to the Circuit Court of Covington County.
The complaint was filed by the district attorney charging Thomas Worrell with willfully and wantonly injuring or destroying the property of Claude J. Spicer. To this complaint, defendant filed a motion to strike, which was denied and duly excepted to on July 1, 1977.
Appellant filed a demurrer to the complaint averring, among other things, “that the charge in this complaint is identical to the charge appearing in the complaint filed in case No. 6383, which is being tried before this court at the same time of the prosecution of this instant case.”
Further, the demurrer assigned as grounds that there was a variance between the affidavit executed by Claude J. Spicer on December 26, 1973, and the complaint filed in this cause by the district attorney of Covington County.
Appellant alleges that the variance was because the affidavit charged that the said acts by the defendant were to threaten, injure or destroy property of another and the complaint stated that the said acts by the defendant were to threaten, injure or destroy property of Claude J. Spicer.
The demurrer was overruled on July 1, 1977. On the same day, the day of trial, the State amended the solicitor’s complaint by adding a second count, alleging that Wor-rell did willfully and wantonly, injure or destroy the property of Claude J. Spicer, or did willfully or wantonly derange or attempt or threaten to derange any mechanics, appliances, or devices of Claude J. Spi-cer. At the time of filing the amended complaint, the district attorney stated “that Count II pertains to Claude Spicer in both instances, the property of Claude Spicer or devices of Ciaude Spicer. And, in Count I of the complaint it pertains to property of Claude J. Spicer, or to the devices of Claude J. Spicer.”
To this amended complaint, defendant filed a motion to strike which was denied by the court. The defendant then filed a demurrer and it too, was overruled. Subsequently, the defendant filed a plea of not guilty and a special plea of the statute of limitations. He asserted as grounds that Count II of the amended complaint alleged that the offense occurred in December of 1973. Therefore, more than twelve months had lapsed before the new prosecution in this case.
On July 1, 1977, this case was presented to a jury. The jury returned a verdict of *375 guilty as charged and fixed a fine of three hundred dollars. In addition to the fine the court sentenced the defendant to serve five months and twenty-nine days in the Cov-ington County Jail.
The sufficiency of the evidence presented by the State was raised by the appellant during the trial by means of a motion to exclude written requested charges in an affirmative nature, and following the trial, by a motion for new trial. That evidence is summarized below.
On December 23, 1973, Claude J. Spicer, the son of Claude Spicer, had driven from Florida with his family to visit in his father’s home. When the families retired for the' night Claude J. Spicer’s automobile and Claude Spicer’s pick-up truck were both parked in the front yard. The tires on each vehicle were in good condition.
During the early morning hours of December 24, 1973, Claude Spicer was awakened by the barking of dogs. He went to the front door and as he crossed the threshold he saw the appellant, “stooped over beside one of the tires on his truck, or standing beside his pick-up truck.” Clyde Odom was also there and was standing in back of the truck. As Claude Spicer stepped out onto the porch the appellant and Odom ran.
On examining the vehicles, Claude Spicer saw that the tires on the truck had been cut and were flat.
During the trial, Claude Spicer stated that he had known Thomas Worrell “all of his life.” Further, he testified that the fair market value of his truck tires and tubes at approximately one hundred and sixty dollars. His son, Claude J. Spicer, testified that his three automobile tires were valued about one hundred and twenty dollars.
After a motion to exclude the State’s evidence for failure to make out a prima facie case was denied, Thomas Worrell took the stand in his own behalf and denied cutting the tires. He stated that at the time he was separated from Glenda Spicer, Claude Spicer’s granddaughter, and the niece of Claude J. Spicer.
Worrell denied that he and Odom had sharpened knives in preparation of cutting the tires. He also denied making any statements just prior to the incident that he planned to cut the tires. Further, he stated that he had never bragged that he had cut them.
Lavon Reese was called as a rebuttal witness. She was also Claude Spicer’s granddaughter, and Claude J. Spicer’s niece. In her testimony she stated Worrell had sharpened a knife on the night of the incident and stated that he was going to cut “Uncle Junior’s and Grand Daddy’s tires.” Further, she said that when he returned he made the comment, “he had cut Uncle Junior’s and Grand Daddy’s tires.”
At the end of Reese’s testimony, Worrell again took the stand and denied making any admission to the effect that he had cut the tires belonging to the Spicers. He said, “no, sir, I didn’t cut none of them tars. I ain’t seen his tars.”
I
The motion and the demurrers filed which were denied by the circuit court, and appellant’s brief, tends to show that the appellant was convicted in two separate prosecutions in the intermediate court of Covington County in 1973. It also appears that both cases were appealed to the circuit court. However, the appearance bond filed in the circuit clerk’s office bearing the date of April 12, 1976, shows an appeal on case No. 6382 only. Case No. 6382 indicates the conviction in the intermediate court for the offense of destruction of private property with a fine of two hundred dollars and costs. Following this appeal bond we have a complaint drawn in case No. 6382, based on that appeal and alleging the destruction of property of Claude J. Spicer.
As can be seen from the foregoing facts, the prosecution involved the tires on the automobile of Claude J. Spicer, who was the son of Claude Spicer. Involved also were the tires on Claude Spicer, Sr.'s pick-up truck, Claude Spicer, Sr. being the father of Claude J. Spicer.
*376 The appellant, in a motion to strike filed July 18,1977, and a plea filed the same day, made the allegation that case No. 6383 was “nol prossed” by the district attorney. Case No. 6383, the appellant says, was based upon an affidavit executed by Claude Spi-cer and a warrant issued on charges preferred by Claude J. Spicer.
The written complaint filed in the circuit court of Covington County in case No. 6382, reads in substance as follows:
“. . . Thomas Worrell . . .did willfully or wantonly injure, destroy, attempt to destroy, or threaten to injure or destroy the property of Claude J. Spicer, or did willfully or wantonly derange or attempt to threaten to derange any mechanics appliances or devices of Claude J. Spicer . . . ”
A comparative reading of this complaint with the language of T. 14, § 115(1), indicates that the complaint tracks the statute.
On July 1, 1977, after a jury was empan-elled, but before testimony was taken, the State amended the foregoing complaint by adding a second count. The second count was basically the same as the first, except that it substituted the name, “Claude Spi-cer ” in the second count where the name of “Claude J. Spicer” appeared in the first count. A close reading of the second count shows that the averment stating the destruction or injuring of the property was laid in Claude J. Spicer and was followed immediately with the averment that “did willfully or wantonly derange devices belonging to “Claude Spicer.” At this point the district attorney made the comment that he intended the first count to refer to “Claude J., Spicer” and the second to refer to “Claude Spicer.”
Also we note that the court in its oral charge stated that the appellant was charged with destroying the private property “I believe of Claude Spicer, Sr. and in Count.II, destroying private or damaging private property of Claude Junior Spicer.”
We have examined the record and have been unable to find, except in appellant’s pleadings, any indication that case No. 6383 was nol prossed. No documents from the Covington County Intermediate Court support such a claim. This court on appeal is bound by the record and cannot look beyond it. Hernandez v. State, 50 Ala.App. 558, 280 So.2d 831; Strong v. State, 47 Ala.App. 238, 252 So.2d 659; Lewis v. State, 42 Ala.App. 166, 157 So.2d 38; Colburn v. State, 40 Ala.App. 248, 112 So.2d 800. Based on this fact we cannot assume that case No. 6383 was nol prossed.
II
Nothing in the record indicates that the circuit court of Covington County acquired jurisdiction over the offense involved in Count II. It is necessary for the record to show jurisdiction of the court. Ford v. State, 20 Ala.App. 67, 100 So. 917; Nix v. State, 20 Ala.App. 94, 100 So. 918; Guin v. State, 17 Ala.App. 293, 84 So. 863; Hall v. State, 19 Ala.App. 178, 95 So. 904; Miller v. State, 20 Ala.App. 625, 104 So. 775. See T. 15, § 359. The record does not show an appeal bond on case No. 6383, whereas an appeal bond does appear in case 6382, which was the basis for Count I of the written complaint filed originally.
Due to the fact that there can be no amendment to add a separate offense, a determination of Count II as far as the statute of limitations or its form will not be discussed. Lemley v. State, 24 Ala.App. 427, 136 So. 494, Melech v. State, 42 Ala.App. 465, 168 So.2d 33; Brown v. State, 41 Ala.App. 565, 140 So.2d 371. See T. 13, § 347, Code of Alabama 1940, Recomp. 1958.
III
In a multi-count solicitor’s complaint, which is the case before us, where one count is bad and the other good, and a general verdict is handed down by the jury, the rule is that the general verdict is referable to the good count if there is evidence to support it. Here such supported evidence exists. Myrick v. State, 20 Ala.App. 18, 100 So. 455; Corrunker v. State, 19 Ala.App. 500, 98 So. 363; Haney v. State, 19 Ala.App. 79, 95 So. 57; Cunningham v. *377 State, 15 Ala.App. 644, 74 So. 747; Hancock v. State, 14 Ala.App. 91, 71 So. 973; Norman v. State, 13 Ala.App. 337, 69 So. 362.
In the present case the jury was not instructed to specify as to which count it was making its finding of guilt and there was no affirmative charge or motion directed to each count separately and severally. Therefore, the general verdict was referable to Count I. Norman v. State, supra; Stover v. State, 36 Ala.App. 696, 63 So.2d 386.
IV
The appellant has also questioned the constitutionality and the general form of Count I. Further, he raises the possible confusion of the names as to Count II and the adequacy of the affidavit in the complaint in the intermediate court to support Count I. We note that the appellant was charged under T. 14, § 115(1), and 13-2-9, Code of 1975, and the prosecution was begun in the Covington County Intermediate Court. Although the rule is not without exception, generally statutory offenses similar to T. 14, § 115(1) may be charged in the terms of the statute. McKinney v. State, 50 Ala.App. 271, 278 So.2d 719; Kennedy v. State, 39 Ala.App. 676, 107 So.2d 913; Haynes v. State, 293 Ala. 221, 301 So.2d 208; Hockman v. State, 265 Ala. 1, 91 So.2d 500.
Count I of the complaint very closely parallels the statute, and in our judgment, is adequate. See Ellis v. State, Ala. Cr.App., 338 So.2d 428.
Appellant also insists that the property was not alleged to have a value. A requirement for such an allegation exists if the punishment or the offense is dependent on the value of the property. See Barber v. State, Tex.Cr.App., 449 S.W.2d 53; State v. Breznick, Vt., 356 A.2d 540; 54 C.J.S. Malicious Mischief §§ 5(1), 8(h); State v. Garner, 8 Port. 447; Caldwell v. State, 49 Ala. 34. However, T. 14, § 115(1), requires punishment be proportioned to the offense. Neither the fine, sentence, nor offense is dependent on the amount of damage or value of the property damaged. It is the seriousness of the offense, not the value of the thing damaged that determines the punishment. Thus, the need for an allegation of value is not present.
VI
As to the similarity of the names, there seems to be no cases in direct point. The purpose of any complaint is to inform the defendant of the offense with which he is charged and to avoid the likelihood of being put in jeopardy twice. In the present case there seems to be little likelihood of this being done. Appellant’s preparation of his defense was not jeopardized since the offenses charged in Count I and II occurred on the same night.
The facts indicate that the tires on Claude J. Spicer’s automobile were cut at almost the same time as the tires on his father’s truck. Without question, it was the same transaction and part of the res gestae.
In our judgment, the jury would not have been confused.
Although the court’s statement concerning the two counts was erroneous because the trial judge said that Count I referred to Claude Spicer and Count II referred to Claude J. Spicer, we do not believe this, in any way, confused the jury. At any rate, no request was made for clarifying instructions by the court on these counts.
VII
Next, the appellant complains that there was a variance between the affidavit alleging “property of another,” which was shown in the complaint in the lower court, and the complaint in the circuit court alleging the property of “Claude J. Spicer.” In this regard, we find no error. See Philyaw v. City of Birmingham, 36 Ala.App. 112, 54 So.2d 619, and also compare Green v. State, supra; Broglan v. State, 17 Ala.App. 403, 86 So. 164.
In view of the fact that the complaint follows the affidavit when one considers the affiant’s name, the variance complained of is not made to appear.
*378 In our judgment, Count I is not defective and the general verdict is referable to the one good count of the complaint. The punishment meted out in this case was within the statutory limits for the one offense. Therefore, the case under consideration should be affirmed as to the offense involved in Count I.
The jury’s general verdict is sustainable under the facts presented in the case.
VIII
During the court’s oral instructions to the jury, the judge gave the following instructions:
. . The State does have the burden to convince you beyond a reasonable doubt as to the guilt of the Defendant, but it does not have the burden to convince you beyond all possible doubt.”
To this instruction, defense counsel took an exception and he now contends this portion of the oral charge reduced, “the burden of proof required of the State” and was thus error.
The record does not indicate a definitive ruling by the court on appellant’s exception. However, although a ruling has not been made, the consequence of such a ruling may be determined from the surrounding procedure or circumstances. Zeigler v. State, 52 Ala.App. 501, 294 So.2d 468. In the instant case, the judge said:
“All right. Members of the Jury take the proposed forms of the verdict that I have prepared for you . . ”
With this comment the jury was allowed to go to the jury room to begin their deliberations. No further charges were given. From these circumstances it can be inferred that the court overruled the exception to the oral charge.
In Littleton v. State, 128 Ala. 31, 29 So. 390, the Supreme Court of Alabama held that a similar charge was not ambiguous, misleading or objectionable. That charge read:
“. . . The State is not required to prove defendant’s guilt beyond all doubt, but only to prove guilty beyond a reasonable doubt. . . . ”
In Mills v. State, 148 Ala. 633, 42 So. 816, the charge in question basically followed the charge in Littleton v. State, supra. The Supreme Court in Mills, supra, stated that the charge had been many times approved by that court. See Breazeale v. State, 51 Ala.App. 320, 285 So.2d 130. There the use of “all reasonable doubt” is condemned and the use of a “reasonable doubt” is approved. See also Karr v. State, 106 Ala. 1, 17 So. 328.
In our judgment, the instructions given by the court in its general charge, with respect to the degree of quantity of evidence necessary, was not objectionable and no error was made to appear.
AFFIRMED.
All the Judges concur.