# Riley *v.* The State.

*Indictment for Burglary.*

1. *Charge as to sufficiency of evidence.*—A charge asked in a criminal case, instructing the jury that they must find the defendant not guilty, "unless the evidence against him should be such as to exclude to a moral certainty every hypothesis but that of his guilt of the offense imputed to him," asserts a correct legal proposition, and its refusal is a reversible error.

2. *Argumentative charge on evidence.*—A charge asked, instructing the jury that "may look to" a named fact, "to see whether or not this shows guilty conscience on the part of the defendant; and if they think it tends to show innocence on his part, then they ought to consider such evidence, and give the defendant the benefit of all proper inferences," is merely argumentative, and therefore properly refused.

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

The defendant in this case, Paul Riley, was indicted for burglary in breaking and entering the dwelling-house of Hugh Black, with the intent to commit a felony; was convicted, and sentenced to the penitentiary for the term of five years. On the trial, as the bill of exceptions shows, it was proved on the part of the prosecution that the house of said Black was broken and entered one Saturday night in the Fall of 1888, by two persons, who were seen by some members of the family; and the evidence for the prosecution tended to show that these persons were the defendant and his brother, Shepherd Riley. The testimony for the defendant, on the other hand, "tended to show that he was not one of the persons who so broke and entered said house; that he did not leave the community, but came back to Black's house on the Monday afterwards, and was arrested at his own home on the Tuesday or Wednesday afterwards." The defendant requested two charges in writing, and duly excepted to their refusal. The first charge is copied in the opinion of the court, and the second was in these words: "The jury may look to the fact that the defendant worked with Mr. Black after the alleged offense, to see whether or not this shows guilty conscience on his part; and if it tends to show innocence on his part, then they ought to consider such evidence, and give the defendant the benefit of all proper inferences."

[Riley v. The State.]

RICHARDSON & STEINER, for appellant, cited *Mose v. State*, 36 Ala. 212; *Coleman v. State*, 59 Ala. 53; 52 Ala. 317; 3 Brick. Digest, 107, § 9.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The court erred in refusing to give the first charge requested by the defendant, which was, that "unless the evidence against the prisoner should be such as to exclude to a moral certainty every hypothesis but that of his guilt of the offense imputed to him, they must find the defendant not guilty."

A failure to give this precise charge was held reversible error in *Mose v. The State*, 36 Ala. 212, decided as far back as 1860; and this ruling was approved in *Coleman v. State*, 59 Ala. 52. In the former case, it was said: "Unless the jury are *morally* certain of the defendant's guilt, it can not be said that they have no reasonable doubt of his guilt. The proposition, therefore, that the jury must be convinced to a moral certainty of the defendant's guilt, is substantially the same with the proposition, that they must be convinced beyond a reasonable doubt."

The case of *Blackburn v. State*, 86 Ala. 595, is distinguishable from the case above cited. On the authority of these cases, we reverse the judgment in the present case.

The second charge was properly refused, as being merely argumentative.—*Hussey v. The State*, 86 Ala. 34; *Snider v. Burks*, 84 Ala. 53.

The remaining question, arising on the action of the court in sustaining the challenge of the State to the juror Dreaden, will not arise on another trial, in all probability, and need not be considered.

The judgment is reversed, and the cause remanded for a new trial. The defendant, in the meanwhile, will be retained in custody until discharged by due course of law.