# Christian *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Assault in defendant's own house; when defendant's freedom from fault need not be stated in charge.*—A person, when attacked in his own house, is not required to retreat, but may resist the assault, even to the taking of the life of the assailant, nor is it required that the danger to life or limb shall be real, but he is authorized to act on appearances, when sufficient to create in the mind of a reasonable man a just apprehension of imminent danger to life or limb, and a charge on the subject need not state defendant's freedom from fault in bringing on the difficulty, when all the evidence in the case disproves such fault.

[Christian v. The State.]

APPEAL from the Circuit Court of Henry.

Tried before the HON. J. M. CARMICHAEL.

The appellant, Jasper Christian, was convicted of an assault with intent to murder Will Riley.

On the trial, as is shown by the bill of exceptions, the State proved that the defendant shot Will Riley with a gun. It was proved in behalf of the defendant that he lived in Henry county, three miles from the Dale county line ; that on the night of the shooting Will Riley, and six other men, all of whom lived in Dale county, came to the defendant's house; that three of the party approached the house, and called the defendant out, while the other four remained about fifty yards down the road; that the three who first approached the house inquired if one Jack Truitt was there, to which the defendant replied that he was not. They then inquired if defendant knew where they could find him, to which the defendant replied that he had not seen him since Friday evening. The crowd then requested the defendant to "go down the road a piece with them," but the defendant refused to do so, saying that "he had no business down the road." One of the party then remarked, "Suppose we make you go?" and some one else in the crowd said to the defendant, "If you do not go with us, we are going to search your house, and you will see a damn sight of trouble before day if you undertake to prevent it." The defendant replied that they could search his house as much as they pleased if they had a search warrant, but not otherwise. The defendant then started back into his house, when at a signal the four men down the road came up, and the crowd followed the defendant into the yard, telling him that they were going to search his house for Jack Truitt. The defendant replied that Truitt was not there, but they could search his house if they had a search warrant, but not otherwise; and that unless they had a warrant to search his house they must keep out, that he would shoot the first man that attempted to enter. Some one in the crowd replied, "We have no search warrant and do not want one, but we are going to search your house, and you will see a damn sight of trouble if you try to keep us out." The defendant then barred the front door, and took down his gun. The crowd then hurried around the house, some going on one side and some on the other, to the back door, which was barred. Some one on the outside forced the door open, and Will Riley was in the act of entering, with a gun in his hands partly raised in a shooting position, when the defendant, who was standing on the inside of the house,

Vol. 96.

[Christian v. The State.]

fired, striking Will Riley. About fifteen shots were fired. The evidence was conflicting as to who fired the first shot, the evidence for the State tending to show that the defendant fired first, while that for the defendant was that the first shot was from a rifle fired from without. It was proved by the State that several months before the shooting a warrant was issued by a justice of the peace in Dale county for the arrest of Jack Truitt on a charge of carrying a pistol concealed about his person. Riley and the other men who accompanied him to the defendant's house were permitted, against the defendant's objection, to testify that they went to the defendant's house that night to arrest Truitt; but each of them stated, on cross-examination, that they had no warrant to make the arrest. The bill of exceptions purports to contain all the evidence. The defendant requested the following charge in writing, and excepted to the refusal of the court to give it: "If the jury believe from the evidence that Riley approached the door of defendant's house, armed with a gun, and forced the door open and attempted to enter, holding the gun in a position to shoot, and defendant as a reasonable and prudent man anticipated great danger to his family or great bodily harm to himself or family, and in anticipation of this danger or bodily harm he shot to prevent it, he is not guilty."

WM. L. MARTIN, Attorney-General, for the State cited *Lawrence v. State,* 84 Ala. 424; *Cotten v. State,* 91 Ala. 106; *Kirby v. State,* 89 Ala. 63; *Waller v. State,* 89 Ala. 79.

STONE, C. J.—The only exception reserved by defendant, as shown by the bill of exceptions, was founded on the refusal of the court to give the written charge requested by defendant.

A man's house is regarded in law as his castle—his place of refuge. So solicitous is the law in preserving the sanctity and inviolability of one's house that it has placed about it every safeguard to prevent unwarranted intrusion and the commission of unlawful deeds. As said by WALKER, J. in *Lee v. State,* 92 Ala. 15, "The very circumstance of one being within the precincts of his dwelling, or of his business-house, serves as a warning to deter an assailant from intruding therein." If an assailant violates the sanctity of another's dwelling, by following him thereto, and presses upon him, the assailed, being in his own house, is regarded as "at the wall," and is justified in using such force as is necessary to repel the assailant and to defend himself and family—even to the taking of life.

[Welsh v. The State.]

It is a well established principle in the criminal jurisprudence of this State, that a person, when attacked in his own house, is not required to retreat, nor is it required that the danger to life or limb shall be real, but he is authorized to act on appearances, when sufficient to create in the mind of a reasonable man a just apprehension of imminent danger to life or limb. *Lee v. State*, 92 Ala. 15; *Brinkley v. State*, 89 Ala. 34; *Jones v. State*, 75 Ala. 8; *Roberts v. State*, 68 Ala. 156. Under this principle the court should have given the charge requested by defendant.

The only reason urged in support of the correctness of the court's ruling upon this charge is that the charge ignored the question of fault on the part of the defendant in bringing on the difficulty. This position is untenable in the present case. The bill of exceptions recites that it contains all the evidence, and there is not a shadow of evidence which tends to show that defendant was at fault in bringing on the difficulty. There was not only no such evidence, but all the uncontroverted testimony proved that Riley was not only responsible for the shooting, but that he and his six companions followed defendant to his house, which was attempted to be transformed into a castle indeed by bolting and fastening all its entrances. We do not understand that the principle contended for goes to the extent of making a charge erroneous because it fails to state defendant's freedom from fault in bringing on the difficulty, when the entire testimony disproves such fault. Such a statement would be superfluous.

Reversed and remanded.

