# Greer *v.* The State.

## *Murder.*

(Decided July 3, 1908.  47 South. 300.)

1. *Homicide; Dying Declarations; Admissibility.*—It being shown that decedent was conscious of approaching death, it was competent for the state to ask the question, "What this man cut you for," and the decedent's answer thereto, "He cut me to death" as a dying declaration, the defendant being sufficiently identified by the question.

2. *Same.*—It was permissible in identity of defendant for the state to ask decedent's wife, who had testified to the dying declarations of deceased, what was the question that you asked decedent.

3. *Charge of Court; Credibility of Defendant.*—A charge asserting that one accused of murder was authorized by statute to testify in his own behalf, and that the jury could give full credit to his statement, is properly refused as argumentative and misleading.

4. *Same; Unintelligible Instructions.*—A charge in this form, "I charge you that you must find the defendant not guilty of his conduct upon a reasonable hypothesis is consistent with innocence," is unintelligible.

5. *Same; Reasonable Doubt.*—A charge asserting that if the jury had a reasonable doubt whether accused acted in self defense, he should be acquitted, was properly refused as referring to the jury the legal question as to what is self defense.

6. *Same; Degree of Proof.*—A charge asserting that the law is, that not only must the jury have justifying reason for conclusions of guilt, not only must they be able to say upon reason that the accused is guilty but that their conclusion must be so reasonable to their minds as to exclude all doubt of their correct-

ness to a moral certainty, requires a too high degree of proof and tends to lead the jury to believe that they must be convinced beyond all doubt.

7. *Same; Covered by Instructions Given.*—The court will not be put in error for refusing instructions substantially covered by those already given.

8. *Same; Defective Instructions.*—The court will not be put in error for refusing to give defective instructions, notwithstanding this court will on appeal correct evident defects to sustain the court below.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Tom Greer was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The testimony of Eliza Johnson was that deceased was her husband, and that she was present when he died and that he lived about ten minutes after she reached him. He said that he had something to say to her before he died. The solicitor asked her: "Do you know whether at that time he believed he was going to die?" Witness replied: "I called him three times before he answered, and asked him if he knew me, and he said, 'Yes,' and I asked, 'What was my name? and he said, 'Eliza," and I asked him what this man cut you for?' and he said, 'He cut me to death.'" Defendant objected to this testimony. The solicitor then asked witness if deceased said anything indicating that he thought he was going to die, and witness answered: "That was all he said." The solicitor then asked: "Did he say who cut him?" Witness answered: "He said this man cut him to death (pointing to defendant)."

The following charges were refused defendant: "(1) Defendant is authorized under the statute to testify in his own behalf, and the jury have the right to give full credit to his own statement. (2) Gentlemen of the jury, I charge you that you must find defendant not guilty of his conduct upon a reasonable hypothesis is consistent

[Greer v. The State.]

with innocence. (3) Gentlemen of the jury, I charge
you that if you have a reasonable doubt as to whether
defendant acted in self defense or not you should find
him not guilty. (4) The court charges the jury that the
law is that not only must the jury have justifying rea-
sons for a conclusion of guilt, not only must they be
able to say upon reason that defendant is guilty, but
their conclusion to this effect must be so reasonable to
their minds as to exclude all doubts of its correctness to
a moral certainty. (5) Gentlemen of the jury, I charge
you that if defendant, after getting into a difficulty with
deceased in the house, honestly declined the combat,
and for the bona fide purpose of getting away from de-
ceased, and thus escaping any further trouble with him,
retreated to and down the street, but that deceased,
armed with an ax or pick, pursued him, and that deceas-
ed struck or attempted to strike defendant with the ax
or pick in such a manner as to endanger his life, or
as to inflict upon him great bodily harm, then his right
of self-defense revived; and if the circumstances by
which defendant was then surrounded were such as to
endanger in a reasonable mind the honest belief that de-
ceased was about to inflict upon defendant some great
bodily harm, and they did induce in the mind of defend-
ant this belief, and also the honest and reasonable be-
lief that further retreat could not be attempted without
increasing his danger, then defendant had the right to
stop and repel the attack of deceased, even to the extent
of taking his life, and if you believe that these were the
circumstances under which defendant killed deceased,
then you must find him not guilty. (6) Gentlemen of
the jury, I charge you that if defendant, after getting
into the said difficulty in the house," etc., continuing as

C 2

in charge 5, except that, where the word "endanger" is used in charge 5, the word "engender" appears in charge 6.

LESLIE B. SHELDON, and TISDALE J. TOURART, for appellant. The court should have given charge 1.—*Smith v. The State,* 92 Ala. 30. Charge 2 should have been given.—*Howard's Case,* 108 Ala. 571. So should charge 3.—*Smith v. The State,* 68 Ala. 424.. The refusal to give charge 4 was error.—*Elmore v. The State,* 92 Ala. 51; *Jones v. The State,* 100 Ala. 88; *McElroy v. The State,* 88 Ala. 58. Charge 5 should have been given.— *Brown v. The State,* 118 Ala. 111; *Smith v. The State,* 92 Ala. 30. On these same authorities charge 6 should have been given, as well as charge 7.

ALEXANDER M. GARBER, Attorney-General, for the State. No error is shown in the admission of evidence. —*Willis v. The State,* 74 Ala. 21; *Johnson v. The State,* 47 Ala. 9. The charges requested by the defendant and refused were either misleading, unintelligible or covered by those given.—116 Ala. 445; 130 Ala. 95; 113 Ala. 43.

SIMPSON, J.—The appellant was indicted for murder, and convicted of manslaughter in the first degree. There was no error in admitting the dying declarations of the deceased. He was shown to be in extremis, and the remark he made showed that he was conscious of the fact that he was about to die.—*Wills v. State,* 74 Ala. 21, 25; *Johnson v. State,* 47 Ala. 9. The man of whom he was speaking was identified by the remark of the wife, asking him "What this man cut you for." The question to the same witness, by the solicitor, "What was the question you say that you asked him?" was properly admitted, for the purpose of further identifying the party of whom the dying man was speaking.

[Greer v. The State.]

The first charge requested by the defendant was prop·erly refused.—*Bryant v. State*, 116 Ala. 446, 23 South 40.

The court cannot be placed in error for refusing to give charge No. 2, as the expression "guilty of his conduct" is unintelligible.

Charge No. 3, was properly refused. While it is true that a similar charge was approved in *Smith v. State*, 68 Ala. 424, 430, yet that case has been practically overruled by later cases, holding that such a charge is defective in leaving to the jury, without instruction, to determine the legal question as to what is self-defense.—*Roden v. State*, 107 Ala. 42, 58, 19 South. 37; *Smith v. State*, 130 Ala. 95, 98, 30 South. 432.

Charge No. 4 was properly refused. The expression "to exclude all doubts of its correctness to a moral certainty" is not the equivalent of "all reasonable doubts," but is calculated to mislead the jury to the belief that the jury must be convinced beyond all doubt. ·

Charge No. 5, requested by the defendant, in addition to being unintelligible by reason of the expression "endanger in a reasonable mind," is not substantially or materially different from charges 16 and 17, given at the request of the defendant. While it is true that this court may correct evident defects, in order to sustain the court below, yet that court cannot be placed in error for refusing to give a defective charge.

Charge 6, requested by the defendant, is substantially the same as charges 16 and 17, given at the request of the defendant. Consequently there was no error in refusing to give it.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.