# Hutchinson v. The State.

### Murder.

(Decided August 1, 1916.   72 South. 572.)

1. **Evidence; Res Gestae.**—Where deceased called to a man some distance away to stop defendant, that defendant had struck him, such declaration was admissible as part of the res gestae.

2. **Charge of Court; Form.**—A charge asserting that the jury must acquit if they would not act on the evidence in their own most important affairs, is argumentative, and otherwise defective.

3. **Homicide; Self Defense.**—A charge which assumes that defendant feared for his life, was properly refused as assuming facts.

4. **Same.**—A charge on self defense which omits the necessity of defendant's freedom from fault, and all reference to his duty to retreat, is properly refused.

5. **Same.**—A charge asserting that if, after looking at all the evidence in the case, the minds of the jury are left in such a state of uncertainty that

you cannot see beyond a reasonable doubt whether defendant acted upon a well founded and reasonable belief that it was necessary to take the life of deceased to save deceased from great bodily harm or death, or that he cut deceased before such impending necessity arose, then this is such a doubt as would entitle defendant to an acquittal is insensible, involved and repugnant.

APPEAL from Jefferson Criminal Court.

Heard before Hon. H. P. HEFLIN.

Ben Hutchinson was convicted of murder in the second degree, and appeals. Affirmed.

The following charges were refused to defendant:

(1) If the jury would be willing to act on the evidence in this case as if it were in relation to matters of the most solemn importance to their own interest, they must acquit defendant.

(2) The defendant cut or stabbed Cotton under a bona fide belief that his life was in danger, and had under the circumstances, reasonable cause to believe that he was in eminent danger at the moment he cut or stabbed deceased, it would be material whether there was such actual danger or not.

(3) It is not necessary under the evidence in this case that defendant should have been in actual danger of death or great bodily harm at the time he killed deceased in order for him to have been justified in cutting deceased. The defendant had the right to act upon the appearance of things at the time, taken in connection with the light of all the evidence, and he had the right to interpret the conduct of deceased in the light of many threats that the evidence showed deceased had made against defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and he actually believed such to be the case, then he had a right to cut deceased in his own defense, although, as matter of fact, there was no actual danger, and if the jury believe that defendant acted under such circumstances and conviction as above set out, the jury should find defendant not guilty.

(10) I charge you, gentlemen, that if, after looking at all the evidence in the case, your minds are left in such a state of uncertainty that you cannot see beyond a reasonable doubt whether defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of deceased to save deceased from great bodily harm or death, or that he cut deceased before such impending necessity arose, then this is such a doubt

as would entitle defendant to acquittal, and you should so find defendant not guilty.

FRANK S. ANDRESS, for appellant.  W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

EVANS, J.—Appellant's assignments of error numbered 1, 2, and 3, relating to the venire, stand corrected upon the return to the certiorari granted on suggestion of diminution of the record.

(1) Other assignments 4, 5, 6, and 7. go to the question whether a remark made by deceased very shortly after he was stabbed was admissible as part of the res gestæ.  The circumstances under which it was made was as follows:  On the night of the killing, deceased was walking down a street in Birmingham in company with appellant's wife, returing from a "party." Another couple (Drennen Moore and Mary Brown), returning from the same party, was distant about a half block.  Suddenly deceased called out to Drennen Moore, as testified to by Mary Brown:  "Drennen, stop that man!  He struck me"—and, according to Drennen Moore's testimony:  "Drennen, catch that man.  He had struck me."  Appellant ran past Drennen Moore and Mary Brown at or about the time deceased called out.  On this state of facts, we are of opinion that the remark was a part of the res gestæ and properly admitted as such.  The outcry of deceased was so closely related in time to the act of stabbing that the alarm sounded was the instinctive and spontaneous utterance of deceased, springing directly out of the act and tending to give character and elucidation thereto.  The utterance could not be said to be a narration of a past event or open to the suspicion of premeditation or design.  A case somewhat similar to the instant case is to be found in *Nelson's Case,* 130 Ala. 83, 30 South. 728.

(2) Appellant's written request to charge No. 1 was properly refused; a similar charge was condemned as argumentative in *Chestnut's Case,* 7 Ala. App. 72, 61 South. 609; besides, it is elliptical, the word "not" being omitted.

(3-5) Written request No. 2 is elliptical, omitting the words "if" and "he had"; by this omission the charge postulates instead of hypothesizing, and is an invasion of the province of the

[Ellis v. The State.]

jury; besides, it pretermits both the predicates of freedom from fault and duty to retreat. The characterization of the danger as "eminent" we take to be a clerical misprision.

Request No. 3 pretermits the duty to retreat and also freedom from fault in bringing on the difficulty.

Charge No. 10 is insensible, involved, repugnant, and open to the vice specified in No. 3.

Request No. 11 is a duplicate of No. 3.

Request No. 12 does not hypothesize freedom from fault in bringing on the difficulty, is argumentative, involved, misleading, and unintelligible.

The remaining requests, Nos. 13, 14, 15, 16, and 17, requested preemptory charges on the several degrees of murder and manslaughter, and in view of the state of the evidence in this case, their refusal was obviously correct.

There is no reversible error in the record; and the judgment of the court below must be affirmed.

Affirmed.