(84 South. 417)

COLLINS v. STATE. (5 Div. 299.)

(Court of Appeals of Alabama. June 17, 1919. Rehearing Denied July' 21, 1919.)

1. CRIMINAL LAW ⊜⊐753(1) — RULE AS TO GIVING OF AFFIRMATIVE CHARGE.'

The affirmative charge should not be given where the evidence is in conflict as to any material fact in issue or where from the evidence reasonable inferences might be drawn unfavorable to the party requesting such charge.

2. HOMICIDE ⊜⊐300(12) — CHARGE ON SELF-DEFENSE PROPERLY REFUSED WHERE ELEMENTS ARE OMITTED.

. - In a prosecution for homicide court properly refused to instruct that to justify the taking of life the danger need not be real, but it is sufficient if it appears to a reasonable mind to endanger life or limb, as it pretermits an honest belief of peril by defendant and omits any reference to freedom from fault in provoking or bringing on the difficulty, and also the duty devolving upon defendant to retreat.

3. CRIMINAL LAW ⊜⊐829(1)—CHARGE COVERED PROPERLY REFUSED.

It was not error for the court to refuse to give a special charge requested in writing where the proposition of law embodied was sufficiently covered by the oral charge of the court.

4. HOMICIDE ⊜⊐112(1), 118(1)—ONE PROVOKING DIFFICULTY NOT JUSTIFIED IN KILLING IF REASONABLE MODE OF ESCAPE IS OPEN.

·· A party is not justified in taking the life of another unless he is entirely free from fault in provoking or bringing on the difficulty, and

there is no reasonable mode of escape open to him without increasing his danger.

5. CRIMINAL LAW ⊜⊐761(6)—HOMICIDE ⊜⊐ 300(14)—REQUESTED CHARGE ON SELF-DEFENSE WHICH ASSUMED FACTS AND EXCLUDED ELEMENTS PROPERLY REFUSED.

A special requested charge that, if the jury believed that the deceased made a threatening demonstration toward defendant as if to draw or use a deadly weapon, and his actions were such as to, impress a reasonable man that he was in danger of losing his life or of suffering great bodily harm, and that defendant fired the fatal shot under these circumstances, they could find him not guilty, was properly refused, as it assumed that defendant was free' from fault, and that he could not retreat without increasing his peril, and also pretermitted an honest belief of peril on the part of the defendant.

6. CRIMINAL LAW ⊜⊐761(6)—HOMICIDE ⊜⊐ 300(12)—REQUESTED CHARGE ON SELF-DEFENSE WHICH ASSUMED FACTS AND EXCLUDED ELEMENTS PROPERLY REFUSED.

Special requested charge that, if ·the jury believed that at the time defendant fired the fatal shot deceased was acting in a manner that would lead the mind 'of a reasonable man to believe that he was about to inflict great bodily harm on the defendant, and that the circumstances were such as to lead the defendant to believe that if he attempted to retreat he would thereby increase his danger, then the defendant would not be under any duty to retreat before striking or shooting in his defense, was properly refused, as it assumed that defendant was free from fault, and did not require defendant to have believed that if he attempted to retreat he would have thereby increased his danger, and pretermitted an honest belief on the defendant's part that the infliction of bodily harm was imminent, under Acts 1915, p. 815.

7. CRIMINAL LAW ⊜⊐791—HOMICIDE ⊜⊐300· (3)—REQUESTED CHARGE ERRONEOUS AS SUBMITTING QUESTION OF LAW, AND NOT DEFINING ELEMENTS OF SELF-DEFENSE.

A special requested charge that, if the jury had a reasonable doubt from the evidence as to whether the defendant acted unlawfully or acted in self-defense when he fired the shot that killed the deceased, then the jury should find him not guilty, was properly refused because it in effect submitted a question of law to the jury and did not define the elements.of self-defense.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Antny Collins was convicted of manslaughter, and he appeals. Affirmed.

Certiorari denied 203 Ala. 697, 84 South. 924.

The facts tend to show that Antny Collins· killed Ott Barker by shooting him with a pistol, .and that the shooting took place following a short altercation between the parties brought about by the approach of Barker while the crowd was making some change

---

and demanding of Collins some money, which was refused. There was evidence tending to show self-defense. The following charges were refused to the defendant:

(1) General affirmative charge.

(2) To justify the taking of life the danger need not be real, but it is sufficient if it appears to a reasonable mind to endanger life or limb.

(3) One is justified in taking the life of another if at the time there reasonably appeared to be present impending, imperious necessity to do so.

(4) If you believe from the evidence that the deceased made a threatening demonstration towards the defendant as if to draw or to use a deadly weapon, and his actions were such as to impress a reasonable man that he was in danger of losing his life or of suffering great bodily harm, and if you further believe from the evidence that the defendant fired the fatal shot under these circumstances, you can find the defendant not guilty.

(5) If you believe from the evidence that at the time the defendant fired the fatal shot the deceased was acting in a manner that would lead the mind of a reasonable man to believe that he was about to inflict great bodily harm on the defendant, and that the circumstances were such as to lead the defendant to believe that if he attempted to retreat he would thereby increase his danger, then the defendant would not be under any duty to retreat before striking or shooting in his defense.

(6) If you have a reasonable doubt from the evidence as to whether the defendant acted unlawfully or acted in self-defense when he fired the shot that killed the deceased, then you should find the defendant not guilty.

Strother & Hines, of La Fayette, for appellant.

The defendant was authorized, under the law and the facts in this case, to anticipate the deceased and fire first. 71 Ala. 351; 77 Ala. 77; 116 Ala. 450, 23 South. 40; 118 Ala. 111, 23 South. 81; 103 Ala. 93, 15 South. 893; 94 Ala. 100, 10 South. 528. On the authorities, the court erred in refusing the charges.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

BRICKEN, J. The defendant was indicted for murder in the second degree, was tried and convicted for the offense of manslaughter in the first degree.

On this appeal the only insistence of error is the refusal of several special charges requested in writing by the defendant.

[1] Charge 1 was the general affirmative charge in favor of the defendant. Under the evidence in this case the defendant was not entitled to this charge. The affirmative charge should not be given where the evidence is in conflict as to any material fact in issue, or where from the evidence reasonable inferences might be drawn unfavorable to the party requesting such charge.

[2, 3] Charge 2 was properly refused, as it pretermits an honest belief of peril by defendant at the time he fired the fatal shot. It also omits any reference to freedom from fault in provoking or bringing on the difficulty, and also the duty devolving upon the defendant to retreat. Gaston v. State, 161 Ala. 37, 49 South. 876; Hutchinson v. State, 15 Ala. App. 96, 72 South. 572; Langston v. State, 75 South. 715.[1] Furthermore, the propositions of law intended to be embodied in this charge were fully covered by the oral charge of the court.

[4] Charge 3 is elliptical, and as written is without meaning. If the word "thaking" is intended for "taking," even then this charge does not state a correct proposition of law. A party is not justified in taking the life of another unless he is entirely free from fault in provoking or bringing on the difficulty, and there is no reasonable mode of escape open to him without increasing his danger. The court did not err in refusing this charge.

[5] Charge 4 was properly refused. It assumes that defendant was free from fault and that he could not retreat without increasing his peril; it also pretermits an honest belief of peril on the part of the defendant. The charge is bad also for the reason that it inaptly uses the word "hard" where the word "harm" was evidently intended. Authorities supra; Herring v. State, 14 Ala. App. 93, 71 South. 974; Fortner v. State, 12 Ala. App. 179, 67 South. 720.

[6] Charge 5 also assumes that defendant was free from fault, and it does not require the defendant to have believed that if he attempted to retreat he would have thereby increased his danger. It also pretermits an honest belief on the defendant's part that the infliction of bodily harm was imminent. Moreover, the principles of law attempted to be embodied in this charge were fully and fairly covered by the oral charge of the court. For these several reasons the court properly ruled in connection with this charge. Watson v. State, 15 Ala. App. 39, 72 South. 569; Hutchinson v. State, 15 Ala. App. 96, 72 South. 572; Acts 1915, p. 815; Hardley v. State, 202 Ala. 24, 79 South. 362, 364.

[7] Charge 6 was bad, and there was no error in its refusal. This charge in effect submits a question of law to the jury. It does not define the elements of self-defense. Powell v. State, 5 Ala. App. 75, 59 South. 530; Roden v. State, 97 Ala. 54, 12 South. 419; Gilmore v. State, 126 Ala. 20, 39, 28 South. 595; Adams v. State, 133 Ala. 166, 31 South. 851; Nearer v. State, 198 Ala. 1, 73 South. 429; Greer v. State, 156 Ala. 15, 47 South. 300.

A careful examination of the entire record

---

[1] 16 Ala. App. 123.

fails to disclose any error of a reversible nature; therefore the judgment of conviction in the circuit court of Chambers county is affirmed.

Affirmed.