(99 South, 737)

## LA FARLETT v. STATE. (8 Div. 114.)

(Court of Appeals of Alabama. April 8, 1924.)

**1. Jury ⬅️66(2)—Drawal of venire in absence of other circuit judge held not erroneous.**

That only one of judges of circuit drew venire, and that it was not drawn in presence of other judge of circuit, did not constitute error.

**2. Homicide ⬅️114—Plea of self-defense not available to defendant willingly engaging and remaining in combat.**

If defendant entered willingly into, and willingly remained in, a difficulty with decedent, each having a deadly weapon, he could not set up self-defense to the killing.

**3. Criminal law ⬅️829(18)—Refusal of charge on "reasonable doubt," covered by other charges, held not erroneous.**

The court did not err in refusing defendant's requested charge relating to reasonable doubt, where subject was fully covered by court's oral charges and by charges given on request.

**4. Homicide ⬅️300(14)—Refusal of instruction on self-defense, not predicated on honest belief in peril, held not erroneous.**

Refusal of defendant's requested charge on his right to defend himself if in a position of peril was proper, where it was not predicated on honest belief of defendant that he was in peril.

**5. Homicide ⬅️300(7)—Charge not predicated on evidence properly refused.**

A requested charge on right of self-defense and duty to retreat, in prosecution for murder, held properly refused, because not predicated on the evidence.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Will La Farlett was convicted of manslaughter in the first degree, and appeals. Affirmed.

These charges were refused to defendant:

"I charge you that, if you believe from the evidence beyond a reasonable doubt that the deceased, Posey Whitaker, drew his pistol and pointed it at the defendant, and defendant saw such act before he himself made any motion or visible effort to draw his own weapon, then the defendant, in the absence of any overt act, or spoken words, or hostile demonstration on his part, can properly invoke the justification of self-defense as to his own act in drawing and firing his pistol at defendant."

"If the defendant fired the fatal shot under such circumstances as to lead the mind of a reasonable man to the belief that he was in danger of losing his life or suffering grievous bodily harm at the hands of the deceased, and he was free from fault in bringing on the difficulty, then the defendant was under no duty to retreat before striking or firing in his own defense."

R. E. Smith, of Huntsville, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is not necessary that jurors be drawn by both the judges of the circuit. Morgan v. State, ante, p. 257, 96 South. 786; Brown v. State, 209 Ala. 490, 96 South. 475; Wallace v. State, ante, p. 287, 97 South. 147. There was no error in refusal of charges to defendant. Collins v. State, 17 Ala. App. 186, 84 South. 417; Edwards v. State, 205 Ala. 160, 87 South. 179.

BRICKEN, P. J. Upon an indictment charging this appellant, and another, not on trial, with murder in the first degree, he was tried, and was convicted of manslaughter in the first degree, and appeals.

[1] Before making an announcement in this case in the court below, the defendant objected to being put upon trial before the venire of jurors drawn, and made motion to quash said venire. The first ground of this motion was: Because there are two judges of the Eighth judicial circuit, and that only one of said judges drew said venire, and that said venire of jurors was not drawn in the presence of the other judge of said circuit. The insistence here made has been decided adversely to the contention of defendant in Brown v. State, 209 Ala. 490, 96 South. 477 and Wallace v. State, ante, p. 287, 97 South. 147.

Other questions presented on motion to quash venire are without merit. Whittle v. State, 205 Ala. 639, 89 South. 43, Caldwell v. State, 203 Ala. 412, 84 South. 272.

During the progress of the trial of this case several exceptions were reserved to the rulings of the court upon the testimony. Each of these exceptions has had the attentive consideration of this court, and we are of the opinion that no error appears in any of these rulings which injuriously affected the substantial rights of the defendant. In fact, they are so clearly free from such error we refrain from discussing them in detail.

The evidence without dispute disclosed that the deceased and defendant were on bad terms. There was some testimony that they had threatened each other, and on the occasion of the fatal difficulty, which appeared to be a mutual combat, both men were wounded, and the deceased died from the pistol wound inflicted by defendant. There was some conflict in the testimony, which was properly submitted to the jury.

——————
⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] The law is that, when two persons engage willingly in a personal combat, each having a deadly weapon, and one of the parties is killed, the other party cannot be held guiltless; and if the defendant did enter willingly into the difficulty and did so remain in said difficulty, he cannot set up self-defense. On these questions the court charged the jury fully, fairly and well. In fact, the oral charge of the court, covering, as it does, practically eight pages of the transcript, appears to be an exhaustive and able statement of every phase of the law applicable to this case.

The exceptions to the oral charge are without merit. The court correctly stated the law on the subject of self-defense as to the offense of murder, and also clearly and fully stated what was necessary in order to constitute the offense of manslaughter. In addition to the oral charge of the court numerous special written charges were given at the instance of the defendant.

There were also several charges refused to defendant; but these charges are not numbered or otherwise designated, and, as no brief has been filed in behalf of defendant, therefore there is nothing to identify or differentiate these refused charges, and in this condition it is therefore difficult to discuss them without some confusion.

[3] The first refused charge appearing in the record relates to reasonable doubt, and this rule of evidence was fully covered by the court's oral charge, and also by the given charges.

The second charge is bad because of the use of the expression "self-defense." Collins v. State, 17 Ala. App. 186, 84 South. 417. This charge, as it appears in the record, is also elliptical.

The third refused charge is fully and fairly covered by the oral charge of the court.

[4,5] The fourth refused charge omits honest belief that the defendant was in a position of peril. Nor is said charge predicated upon the evidence in the case. Edwards v. State, 205 Ala. 160, 87 South. 179.

The fifth charge refused is fairly and substantially covered by the oral charge.

There appearing no reversible error in any ruling of the court, and the record proper being also free from error, the judgment appealed from is affirmed.

Affirmed.