### BELL v. STATE. (8 Div. 97.)

(Court of Appeals of Alabama. April 8, 1924. Rehearing Denied May 20, 1924.)

1. Criminal law ⟨key⟩778(12)—Homicide ⟨key⟩300 (3)—Instruction as to elements of self-defense and burden to prove defendant at fault held properly denied.

Instruction that burden on state to prove defendant, who acted in self-defense, was at fault in bringing on difficulty, and instruction as to essential elements of self-defense, held properly denied as in effect submitting question of law to jury and not defining self-defense.

2. Homicide ⟨key⟩308(3)—Where conviction was for manslaughter, denial of charge pertinent to murder only not error.

Where conviction was for manslaughter, charge relating to offense of murder only was not pertinent, and its denial not error.

3. Homicide ⟨key⟩300(12) — Requested instruction as to defendant's right to shoot in self-defense held properly denied.

Where testimony was in conflict as to whether defendant was wholly free from fault, requested instruction that if deceased approached defendant's door armed with stick, attempted to enter, threatening defendant in such manner that reasonable and prudent man would have anticipated harm, and that in anticipation of such harm defendant shot deceased, he was not guilty, held properly denied.

4. Homicide ⟨key⟩341 — Requested instruction held incorrect law and its denial harmless.

Denial of requested instruction that, if defendant acted in reasonable apprehension of danger, "the killing would not be wrongful and it would not be the duty of jury to acquit him," held harmless; same being prejudicial to defendant and incorrect law.

5. Criminal law ⟨key⟩829(1)—Denial of requested instructions covered by others given not error.

Under Acts 1915, p. 815, denial of requested instructions covered by others given is not error.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Jesse Bell was convicted of manslaughter in the first degree, and appeals. Affirmed.

These requests for instruction were refused to defendant:

"(4) Where the defendant has shown he was acting in self-defense, the burden of proof

is on the state to prove that he was in fault in bringing on the difficulty."

"(8) If the jury believe from the evidence the defendant did not bring on, provoke, or encourage the difficulty, but was talking to the deceased in a quiet and peaceful manner, and deceased threatened to kill defendant and grabbed up a stick and used it in such a threatening manner as to indicate to a reasonable mind that his purpose was to use it, defendant had a right to shoot, having the right to act upon the reasonable appearance of things."

"(10) If the jury believe from the evidence that Brown approached the door of the defendant's house armed with a stick, and attempted to enter, threatening the defendant, using the stick in such a manner that the defendant, as a reasonable and prudent man, anticipated great bodily harm to himself, and in anticipation of bodily harm he shot to prevent it, he is not guilty."

"(11) If the defendant, at the time of the killing, entertained a reasonable apprehension of great personal violence, involving imminent peril to life or limb, then the killing would not be wrongful, and it would not be the duty of the jury to acquit him, unless the jury further believe from the evidence that the defendant was at fault in bringing on the difficulty."

"(17) The court charges the jury that before the jury can acquit the defendant on the ground of self-defense in this case, these essential elements must concur: First, the defendant must have been free from fault in bringing on the difficulty; second, there must have existed at the time, really or apparently as to lead a reasonable mind to the belief that it actually existed, a present, imperious, impending necessity to shoot in order to save himself from great bodily harm. If, however, after considering the whole evidence, including the testimony of the defendant, the jury have a reasonable doubt as to whether Bell shot Brown in self-defense, or under such circumstances as to make him guilty of crime, it is their duty to give him the benefit of the doubt, and acquit him."

Joe Starnes, of Guntersville, for appellant.

Defendant's requested charges should have been given. Charge 4: Lewis v. State, 120 Ala. 339, 25 South. 43; Charge 8: Gibson v. State, 91 Ala. 64, 9 South. 171; Charge 10: Christian v. State, 96 Ala. 89, 11 South. 338; Charge 11: Keith v. State, 97 Ala. 32, 11 South. 914; Charge 17: Miller v. State, 107 Ala. 40, 19 South. 37.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charges using the expression self-defense, without defining it, are properly refused. Collins v. State, 17 Ala. App. 186, 84 South. 417. Failure to require the finding of the jury to be based on the evidence renders a charge bad. Edwards v. State, 205 Ala. 160, 87 South. 179. It is not error to refuse instructions covered by given charges.

BRICKEN, P. J. This defendant admitted that he killed Dave Brown, the person named in the indictment, by shooting him with a pistol, and that said killing occurred within the jurisdiction of the court where the case was tried. He relied upon self-defense to justify his act in taking the life of deceased.

There were no eyewitnesses to the homicide, but the physical facts as testified to by several witnesses, the location of the wound, and the range of the bullet, coupled with the statement of defendant as to how the killing occurred, made a question for the determination of the jury. It certainly cannot be seriously insisted that a question of law only was presented and that the court under the testimony committed error in refusing to give the affirmative charge for defendant, and in overruling the motion of defendant to exclude the testimony and discharge the prisoner. In each of the rulings of the court in this connection there was no error.

The rulings of the court upon the admission of evidence are so clearly free from error we will not discuss them. Suffice it to say that no ruling of the court upon the evidence injuriously affected the substantial rights of the defendant.

It appears that the principal insistence of error relied upon to effect a reversal is the refusal, by the court, of several written charges requested by defendant.

Charge 1 was the affirmative charge. As stated, under the evidence and its tendencies, a jury question was presented; therefore there was no error in its refusal.

[1] Charges 4 and 17 were properly refused. These charges in effect submit a question of law to the jury. They do not define the element of self-defense. Collins v. State, 17 Ala. App. 186, 84 South. 417. The oral charge stated the law of self-defense in all of its phases, and if the charges were not bad for the reasons stated, their refusal would have been without error; the propositions of law attempted to be stated being fairly and substantially covered.

[2] The conviction in this case was for manslaughter; refused charge 7, relating to the offense of murder only, was not pertinent.

Charge 8 was fairly and substantially covered by given charge 3, and also by the oral charge of the court. This charge is distinguishable from charge 5, in the case of Gibson v. State, 91 Ala. 64, 9 South. 171, relied upon by defendant, in that it does not hypothesize the use of a deadly or dangerous weapon by the deceased.

Refused charge 9, as it appears in this record, is elliptical and unintelligible.

[3] Charge 10 was properly refused. This charge, while as contended is analogous to the approved charge in the Christian Case, 96 Ala. 89, 11 South. 338, is not applicable to the facts here. In the Christian Case, supra, it appears that the testimony showed without conflict that the defendant was

wholly free from fault, and in the instant case, as has been stated, this question was one for the jury.

[4] Refused charge 11 is not identical with a charge requested in Keith v. State, 97 Ala. 32, 11 South. 914, as contended by defendant. The word "not," between the words "would" and "be" in the phrase "and it would *not* be the duty of the jury to acquit him," renders the refusal of this charge harmless to the defendant, and the additional word "not" renders the charge hurtful rather than beneficial to defendant. Moreover, it does not properly state the law.

[5] The principles of law embodied in refused charge 14 were fully covered by the court's oral charge and by the given charges. Its refusal was not error, for the statute (Acts 1915, p. 815) provides:

"The refusal of a charge though a correct statement of the law shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties."

The refusal of charge 19 is justified for the same reasons given as to refused charge 14. The proposition of law embodied in this charge was substantially and fairly given to the jury in its general charge.

No error appears in any of the court's rulings. The record proper is free also from error. Let the judgment appealed from be affirmed.

Affirmed.