(104 So. 677)

### STEWART v. STATE. (8 Div. 279.)

(Court of Appeals of Alabama. June 9, 1925.)

**I. Criminal law ⊖⇒829(I)—Refusal of requested instructions not erroneous, where covered by court's oral charge.**

Refusal of defendant's requested instructions did not constitute reversible error, where every phase of law involved was fully and accurately covered by court's oral charge, in connection with written instructions given at defendant's request.

**2. Homicide ⊖⇒300(3, 12) — Instruction held properly refused as not in proper form, misleading, and not requiring jury's finding to be based on the evidence.**

Instruction that, if homicide was committed in resisting a felonious assault actually being made,. it was not essential to justification that it should appear that it was not done in a spirit of revenge, *held* properly refused, as not in proper form, misleading, and not requiring jury's findings to be based on the evidence.

**3. Homicide ⊖⇒300(3)—Instruction that previous ill will by defendant towards deceased could not take away right of self-defense held properly refused.**

In murder prosecution, instruction that previous ill will or malice by defendant towards deceased could not take away right of self-defense, or convert a justifiable homicide into a murder, *held* properly refused.

**4. Homicide ⊖⇒300(13, 15) — Instruction on self-defense held properly refused where it pretermitted freedom from fault and ability to retreat.**

Instruction that if jurors could not find beyond a reasonable doubt whether defendant acted on a well-founded and reasonable belief that it was necessary to take life of deceased to save himself from great bodily harm or death, or cut deceased before such impending necessity arose, then he was entitled to an acquittal, was properly refused, since it pretermitted freedom from fault and ability to retreat.

**5. Homicide ⊖⇒300(3)—Instruction in murder prosecution held properly refused because of use of expression "self-defense."**

In murder prosecution, instruction that, if jury had any reasonable doubt about killing having been done in self-defense, defendant would not be guilty, *held* properly refused because of use of expression "self-defense."

· [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Self-Defense.]

**6. Criminal law ⊖⇒809, 813—Involved and abstract instruction is properly refused.**

An involved and abstract instruction is properly refused.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Louis Stewart was convicted of manslaughter in the first degree, and he appeals. Af-

firmed. These charges were refused to defendant:

"(17) If the homicide was committed in resisting a felonious assault actually being made, it is not essential to justification that it should appear that it was not done in a spirit of revenge."

"(24) Previous ill will or malice on part of defendant toward deceased cannot take away the right of self-defense or convert a justifiable homicide into a murder."

"(26) I charge you gentlemen of the jury, that if after looking at all the evidence in this case, your minds are left in such a state of doubt or uncertainty that you cannot say beyond a reasonable doubt whether the defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of the deceased to save himself from great bodily harm or death, or that he cut the deceased before such impending necessity arose, then this is such a doubt as will entitle this defendant to an acquittal, and you should so find."

"(31) If the jury have any reasonable doubt about the killing having been done in self-defense, you should find him not guilty."

John B. Tally and James M. Proctor, both of Scottsboro, for appellant.

Charge 17 states a correct proposition of law, and should have been given. Wharton on Homicide (3d Ed.) p. 359. Charge 26 should have been given. Lewis v. State, 120 Ala. 339, 25 So. 43.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charges not requiring a finding to be based upon the evidence are properly refused. Edwards v. State, 205 Ala.· 160, 87 So. 179. Charge 24 is bad. Collins v. State, 17 Ala. App. 186, 84 So. 417. Likewise charges 26 and 31.

RICE, J. The defendant was convicted of the offense of manslaughter in the first degree, and appeals.

[1] It would serve no good purpose to discuss the evidence. That for the state was in conflict with that for the defendant, and the verdict finds ample support. No exceptions were reserved upon the admission or rejection of testimony, and the case was submitted to the jury under an unusually comprehensive and clear oral charge. No exceptions were reserved to any portions of same. Fifteen written instructions were given to the jury at defendant's request. Every phase of the law involved in the offense for which defendant was on trial was fully and accurately covered in the excellent oral charge of the trial court,. in connection with the written instructions given at defendant's request. For this reason alone, reversal of the judgment would not be predicated upon the refusal of any of the other charges requested by appellant.

[2-6] But aside from that we may observe that defendant's refused charge 17 is not in proper form, is confusing, misleading, and did not require the jury's finding to be based on the evidence, and hence, was properly refused. Edwards v. State, 205 Ala. 160, 87 So. 179.

Defendant's refused charge 24 was properly refused under the authority of Collins v. State, 17 Ala. App. 186, 84 So. 417. Charge 26 was bad in that it pretermitted freedom from fault and ability to retreat. Charge 31 was properly refused because of the use of the expression "self-defense." Collins v. State, supra. Charge 33 is involved and abstract, and was properly refused.

The record is free from prejudicial error, and the judgment is affirmed.

Affirmed.