(104 So. 884)

**HUGHEY v. STATE.** (8 Div. 274.)

(Court of Appeals of Alabama. June 30, 1925.)

**1. Criminal law ⊕⊃753(2)—General affirmative charge properly refused, where evidence was in conflict.**

In prosecution for manslaughter, general affirmative charge for defendant was properly refused, where evidence as to his innocence was in conflict.

**2. Homicide ⊕⊃300(3)—Charge on self-defense held properly refused.**

In prosecution for manslaughter, charge that, if defendant committed offense "in legitimate and necessary self-defense," he was entitled to an acquittal, *held* properly refused, because of use of expression "self-defense."

**3. Homicide ⊕⊃114—Defendant could not invoke doctrine of self-defense if he entered into fight with deceased willingly.**

If defendant entered into fight with deceased willingly, in which deceased lost his life, defendant could not invoke doctrine of self-defense.

Appeal from Circuit Court, Limestone County; James E. Horton, Judge.

Ike Hughey was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The following charge was given at the request of the state:

"I charge you, gentlemen of the jury, that, if you believe from all the evidence in this case beyond a reasonable doubt that the defendant entered into the fight willingly in which Will

Yarbrough lost his life, then he cannot invoke the doctrine of self-defense."

The following requested instruction was refused to the defendant:

"(5) Gentlemen of the jury, if you believe that the defendant, Hughey, committed the offense complained of in legitimate and necessary self-defense, he (Hughey) is entitled to an acquittal, and to exemption from criminal liability."

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. The defendant was convicted of the offense of manslaughter in the first degree, and appeals.

[1] It would serve no good purpose for us to discuss the evidence. That for the state tended to show the guilt of the defendant, as charged. That for the defendant tended to show his innocence. The court properly refused to give the general affirmative charge, duly requested, in defendant's behalf.

We have been furnished with no brief on behalf of appellant. However, as required by law, we have diligently searched the record, and have found no prejudicial error committed by the court trying the case. The few exceptions reserved on the admission or rejection of testimony have each been examined, and in each instance we find the trial court's action free from prejudicial error.

[2] Written charge 5 refused to defendant was bad because of the use of the expression "self-defense." Collins v. State, 17 Ala. App. 186, 84 So. 417. The same is true of written refused charges 6 and 7.

Written refused charge 8 is bad in not requiring the jury's finding to be based on the evidence in the case. Edwards v. State, 205 Ala. 160, 87 So. 179.

[3] The written charge given at the request of the state manifestly contained a correct statement of the law.

Let the judgment be affirmed.

Affirmed.