181 So. 508
### SANDERSON v. STATE.
6 Div. 272.

Supreme Court of Alabama.

April 21, 1938.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the motion.

J. B. Powell, of Jasper, opposed.

KNIGHT, Justice.

This cause is before this court on petition of the state of Alabama for writ of

28

certiorari to the Court of Appeals, to review and revise the opinion and judgment of said court in the case of Adam Sanderson v. State of Alabama, 181 So. 506.

The Court of Appeals reversed the case for the failure of the trial court to give at the written request of the defendant, charge numbered in the record 15, which is in words as follows:

"15. The court charges the jury that the defendant is authorized under the statute, to testify in his own behalf, and the jury have a right to give full credit to his statement."

In support of its opinion and judgment, holding that the trial court committed error in refusing to give the jury the charge copied above, the Court of Appeals cited the case of Smith v. State, 92 Ala. 30, 9 So. 408.

There was a time when such a charge was held to be a correct statement of the law. It was so held in the Smith Case, supra, in an opinion by Chief Justice Stone. The Chief Justice did not discuss the charge, but dismissed the subject with the simple statement that the charge asserted a correct legal proposition.

However, this court at a later date, in the case of Horn v. State, 102 Ala. 144, 15 So. 278, 282, decided while Chief Justice Stone was still a member of the court, departed from its holding in the Smith Case, supra, and held that the charge was "a mere argument," and which "might possibly have been given without error, but the refusal of which was equally without error." Moreover, the court held that the last clause of the charge involved a tendency to mislead the jury.

The charge was again considered by the court in the still later case of Bryant v. State, 116 Ala. 445, 23 So. 40, and this court again condemned the charge, citing the Horn Case, supra.

We are, therefore, at the conclusion that the Court of Appeals committed error in holding that charge 15 should have been given, and in reversing the trial court for its refusal of this instruction.

It follows that the writ prayed for must be granted, and the judgment of the Court of Appeals must be reversed, and the cause remanded to that court. It is so ordered.

Writ granted.

All the Justices concur.