36 So.2d 109

## McINTOSH v. STATE.

### 4 Div. 43.

Court of Appeals of Alabama.
April 6, 1948.

Rehearing Denied May 11, 1948.

J. C. Fleming, of Elba, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**CARR, Judge.**

The appellant was indicted and convicted of burglary in the first degree. Title 14, Sec. 85, Code 1940.

The only question presented for our review is the action of the lower court in refusing to the accused certain written instructions. This is frankly admitted by appellant's counsel.

■ Refused charge numbered 1 is misleading by the inclusion of the words "or otherwise." The defendant did not claim to be drunk on the occasion in question. He did admit that he was drinking, and there was other evidence tending to establish this fact. He denied that he went in the dwelling and gave evidence describing his whereabouts which if the jury had accepted would have exonerated him from the commission of the offense.

In any event, under any aspect of the evidence, if the accused was in any manner mentally incapacitated, the cause was attributable to intoxication and not "otherwise." The charge, therefore, contained an abstract premise.

A similar charge was given by the trial judge in Dyer v. State, 241 Ala. 679, 4 So.2d 311. The Supreme Court did not expressly approve the instruction, but held that in giving the charge the court was not in error for refusing another charge.

■ All of this aside, the court fully covered the matter in his oral instruction to the jury. He said:

"Now there has been introduced in this case evidence as to the defendant being intoxicated, or having taken some drinks of intoxicating liquor. Ordinarily, voluntary intoxication is no defense against any crime. A person can't go out of his own volition and make himself drunk and commit a crime, then claim it was justifiable or excusable because he was drunk. However, we do have some classes of crimes where the mental intent is one of the essentials, as in this case, there must exist an intent on the part of the person breaking to steal something in the house. Now, if the defendant is the person who broke into that house, if he did it in the nighttime, and it was occupied as alleged in the indictment, if he was so intoxicated,—had consumed alcoholic liquors to such extent that his mind was incapable of forming any kind of intent, if he became an irrational being and couldn't possibly form the intent in his mind to do anything, whether to commit larceny, steal or do anything else, why that would be sufficient to establish the fact that no burglary was committed. That is to say, Gentlemen of the Jury, that if a defendant has lost his mental processes, if his brain is so overwhelmed with alcohol that he can't form the specific intent to commit a crime such as larceny,—he can't rationalize so as to form an intent, then he cannot be guilty of burglary; but unless his mind was so overwhelmed with alcohol as to prevent him from rationalizing, from forming a mental intent, he would be guilty if he was the person who did it." Title 7, Sec. 273, Code 1940.

■ There was no error in the refusal of charge numbered 6. Greer v. State, 156 Ala. 15, 47 So. 300; Sanderson v. State, 236 Ala. 27, 181 So. 508; Bryant v. State, 116 Ala. 445, 23 So. 40; Sanford v. State, 2 Ala.App. 81, 57 So. 134.

■ In some of the early cases refused charge numbered 7 was approved. Riley v. State, 88 Ala. 188, 7 So. 104, is one of these. However, this holding has been departed from, and it is now established beyond question that it is not error to refuse the instruction. The following authorities illustrate our view: Montgomery v. State, 160 Ala. 7, 49 So. 902; Gregory v. State, 140 Ala. 16, 37 So. 259; White v. State, 20 Ala.App. 65, 101 So. 66.

■ In the case of Pickens v. State, 115 Ala. 42, 22 So. 551, the Supreme Court held that it was error to refuse charge No. 66,

which is an exact counterpart to refused charge numbered 9 in the case at bar.

We are unable to find any subsequent case in which the Supreme Court expressly overruled the holding in the Pickens case, supra, but there follows a long line of authorities which condemn the instruction for its argumentative and misleading tendencies. Allen v. State, 134 Ala. 159, 32 So. 318; Spraggins v. State, 139 Ala. 93, 35 So. 1000; Mason v. State, 153 Ala. 46, 45 So. 472; Bailey et al. v. State, 168 Ala. 4, 53 So. 390; Pope v. State, 174 Ala. 63, 57 So. 245; Bryant v. State, 185 Ala. 8, 64 So. 333; Millhouse v. State, 235 Ala. 85, 177 So. 556. This court has disapproved the State, 12 Ala.App. 127, 67 So. 716; Cunningham v. State, 14 Ala.App. 1, 69 So. 982; Hutchinson v. State, 15 Ala.App. 96, 72 So. 572; Minor v. State, 15 Ala.App. 556, 74 So. 98.

We have treated each of the charges refused to appellant.

The judgment of the court below is ordered affirmed.

Affirmed.