A jury found defendant guilty of manslaughter, and the court fixed her punishment at imprisonment in the penitentiary for one year and one day. The indictment charged that defendant "did intentionally cause the death of another person, Hubert Scott, by shooting him with a pistol, in violation of § 13A-6-2
of Criminal Code of Alabama," which provides, inter alia:
"(a) A person commits the crime of murder if:
 "(1) With intent to cause the death of another person, he causes the death of that person or of another person; or. . . ."
With the apparent approval of both parties, the court charged the jury, as to the issue raised by defendant's plea of not guilty, that it could find her guilty either of murder *Page 178 
or of manslaughter as proscribed by Code of Alabama 1975, §13A-6-3 (a)(2), which provides that a "person commits the crime of manslaughter" if:
 "He causes the death of another person under circumstances that would constitute murder under section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself."
According to the undisputed evidence, which included testimony of the defendant, defendant caused the death of the alleged victim, a former husband of the defendant, by shooting him with a pistol. There was considerable evidence that he had hurt her severely and had threatened to kill her a short time before and on the same day he was killed.
The only issue presented on appeal is as to a part of the court's oral charge on the defense of self-defense. No contention is made that there was any error in the court's charge as to the elements of a valid defense of self-defense other than as it pertains to the qualified duty of an accused to retreat before he exercises deadly force to kill. As to this the court said:
 "A person is not, however, justified in using deadly physical force upon the other person if it reasonably appears or the defendant knows that she can avoid the necessity of such force with complete safety if she retreats, that is, leaves the scene, and retreats."
At the conclusion of the oral charge, the court called for objections or exceptions, and the following occurred:
 "MR. WILKINSON: Two things, Judge: First of all, in your definition of retreat or at the time of retreat we respectfully except because you did not say that the doctrine of retreat only applies if it doesn't increase the danger to the person. I don't think you said that.
"THE COURT: I said with threat to safety.
 "MR. WILKINSON: My exception in your definition of retreat, if it doesn't increase the danger to the person."
There was an exception to one other portion of the court's charge, which dealt with the difference between murder and manslaughter, but as the verdict found defendant guilty of manslaughter, rather than murder, appellant has no basis for a complaint, and none is made by appellant, in this respect.
The undisputed evidence shows that the homicide was at a place at which the qualified duty to retreat before taking human life in self-defense applied.
The qualified duty to retreat as a limitation upon a valid defense of self-defense has been variously stated by the appellate courts of Alabama but with little, if any, substantial conflict therein. The reason for the variety is largely the variety of the circumstances that called for emphasis upon different features of the subject in the many pertinent opinions on appeal. At times, the predominant issue was whether the accused could have retreated with safety to himself. In such cases, the duty was generally expressed in the term of "with safety to himself" or synonymous language.[1] At other times, the hinge of major controversy was whether the accused could have retreated "without increasing his danger or peril," and usually the duty was then substantially so expressed. King v. State, 233 Ala. 198, 171 So. 254 (1937);Collins v. State, 17 Ala. App. 186, 84 So. 417, cert. denied, Exparte Collins, 203 Ala. 697, 84 So. 924 (1919). The latter of the two expressions is clearly a more stringent qualification upon the duty to retreat than the former, and, when applied as a test of the efficacy of a defense of self-defense, it is less favorable to the accused than the former.
The language of the court in charging in effect that defendant would not have been required to retreat if she knew, or it reasonably appeared to her, that she could have avoided "the necessity of" deadly force if *Page 179 
she could have retreated "with complete safety," was more favorable to defendant than that to which she was entitled. It results that no error prejudicial to defendant is to be found in the oral charge of the court in respect to the part of the court's oral charge challenged by appellant.
We further hold that there is no error in the record prejudicial to the defendant and that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.
[1] West's Ala. Digest, Homicide, Key No. 118 (1)